**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

Case No. 1:22-cr-109

Plaintiff,                                          (LJV)

vs.                                                  March 1, 2023

**PAYTON GENDRON,**

Defendant.
_____

**TRANSCRIPT OF STATUS CONFERENCE**
**BEFORE THE HONORABLE LAWRENCE J. VILARDO**
**UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **APPEARANCES:** | **TRINI E. ROSS, UNITED STATES ATTORNEY** |
| | **BY: JOSEPH M. TRIPI, ESQ.** (Buffalo) |
| | **BRETT A. HARVEY, ESQ.** (Rochester) |
| | Assistant United States Attorneys |
| | Federal Centre, 138 Delaware Avenue |
| | Buffalo, New York 14202 |
| | **UNITED STATES DEPARTMENT OF JUSTICE** |
| | **CIVIL RIGHTS DIVISION** |
| | **BY: LAURA B. GILSON, ESQ.** |
| | 150 M. Street NE |
| | Washington, D.C. 20530 |
| | For the Plaintiff |
| | |
| | **OFFICE OF THE FEDERAL PUBLIC DEFENDER** |
| | **BY: SONYA A. ZOGHLIN, ESQ.** (Rochester) |
| | **ANNE M. BURGER, ESQ.** (Rochester) |
| | **MARYBETH COVERT, ESQ.** (Buffalo) |
| | Assistant Federal Public Defenders |
| | 300 Pearl Street, Suite 200 |
| | Buffalo, New York 14202 |
| | For the Defendant |
| | |
| **COURT DEPUTY CLERK:** | **COLLEEN M. DEMMA** |
| | |
| **COURT REPORTER:** | **ANN M. SAWYER, FCRR RPR CRR** Notary Public |
| | Robert H. Jackson Courthouse |
| | 2 Niagara Square |
| | Buffalo, New York 14202 |
| | Ann_Sawyer@nywd.uscourts.gov |

(Proceedings commenced at 1:34 p.m.)

THE CLERK:  All rise.  United States District Court for the Western District of New York is now in session, the Honorable Lawrence J. Vilardo presiding.

THE COURT:  Please be seated.

THE CLERK:  22-CR-109, United States of America versus Payton Gendron.

Assistant United States Attorneys Joseph Tripi, Brett Harvey, and Laura Gilson appearing on behalf of the government.

Assistant Federal Public Defenders Sonya Zoghlin, Anne Burger, and MaryBeth Covert appearing on behalf of the defendant.  The defendant is not present.

This is the date set for a status conference.

THE COURT:  Okay.  Good afternoon, everyone.

ALL PARTIES:  Good afternoon, Your Honor.

THE COURT:  The reason I asked everyone to come in is because I saw coverage that said there was going to be a trial in July, and since that trial would be in this Court, I thought I ought to get people in and discuss just where we are and where we're going with this.

And I recognize that that trial in July was based on some deadlines in the Interstate Act on Detainers, and I get that.  But I wanted to get a handle on the case since it's not, I mean, it is in front of me, but it's not ready for me

yet, it's in front of Magistrate Judge Schroeder, and I just want to get a handle on it.

So tell me, first of all, in very general terms, I understand there's been a meeting between the defense and prosecutors in Western New York.  There may be another meeting scheduled at some point.

MR. TRIPI:  Yes, Judge.  Where we are in the process, I can report.  There was a local meeting that -- with the U.S. Attorney and the Assistant Attorney General for Civil Rights --

THE COURT:  Right.

MR. TRIPI:  -- with the defense team where they presented -- made a presentation regarding mitigation.  That's the last substantive thing that's happened.  The deliberative process is still occurring from that point at that level.

THE COURT:  Okay.

MR. TRIPI:  There has not been anything progressed beyond that level yet, and that's where we are in that process.

THE COURT:  Okay.  And I know that the defense has lots of work to do, and lots of things to review.  I listened to the proceedings in front of Magistrate Judge Schroeder, and I understand you're going to review everything, and I think you should review everything.  If I were sitting in your chairs, I would want to --

Oh, you waive your client's appearance for this?

MS. ZOGHLIN:  Yes, Judge.  We do waive his appearance.

THE COURT:  It's just a status conference, so no reason that he should be here, but I needed to do that on the record.

MS. ZOGHLIN:  Thank you, yes.

THE COURT:  Thank you.

MS. ZOGHLIN:  Yes, that's accurate.

THE COURT:  Thank you.  So, anyway, I listened to that.  And I understand you've got plenty of work to do, and I don't want to push you in terms of doing that work.

I share Judge Schroeder's concerns about a speedy trial, both from the defendant's perspective and from the public's perspective, but you can only do so much in that regard.

So tell me, there are a couple motions pending in front of Judge Schroeder; is that correct?

MS. ZOGHLIN:  That's correct, yes.

THE COURT:  Okay.  And, you're waiving -- have they been fully briefed?

MR. TRIPI:  They -- they've been fully briefed, Your Honor.  There's not been argument yet on those.

THE COURT:  Okay.  And do you think Judge Schroeder is going to schedule argument, do you know?

MR. TRIPI:  I believe the defense has requested argument on one of those sets of motions pertaining to the protective order, but not on the other.  I think the other one is going to be on the papers.

THE COURT:  Okay.  And is there any urgency for those motions?  Is there anything that --

MS. ZOGHLIN:  One moment, Judge.

THE COURT:  Go ahead, take your time.

(Off the record at 1:38 p.m.)

(Back on the record at 1:39 p.m.)

MS. ZOGHLIN:  Thank you for your patience, Judge.

As to the motion for a protective order, that motion, the only urgency, it's related to records in the custody of the Erie County Sheriff, from the Erie County Holding Center. As you know, know our client is no longer there.  But what we would ask is a stay of any -- any release of records while the motion is pending.  Other than that, there's no urgency.

I'm not aware of the government's attempts to get any of those records, but I would ask that that be stayed until we do have an opportunity to argue, and that the Court has made a decision.

THE COURT:  And have you made that request -- and the motion is pending in front of Judge Schroeder, right?

MS. ZOGHLIN:  It is.

THE COURT:  Have you made that request of him?

MS. ZOGHLIN:  We have not.

MR. TRIPI:  With regard to the records that may be in the custody of the Erie County Sheriff due to his stay at the jail, what I can report to you, Your Honor, is that even before the defense motion was filed, we made -- we made no efforts to get that material, and we've not made any efforts to obtain that material since.  So --

THE COURT:  Okay.  And out of deference to the defense, you're going to continue not to make any efforts until Judge Schroeder gets to rule on what the defense is going to make a request to him to do; is that right?

MR. TRIPI:  Yes, we aren't actively seeking out that information.  If --

THE COURT:  If you change your mind, you'll give them notice first so that they can go to Judge Schroeder and ask him to -- I don't want to step on his toes, so I don't want to issue a stay myself.  But what I'm hearing, Mr. Tripi, is that you're willing to work with the defense on this one motion, and to let them know if you plan to do anything to get those records so that they can make a request to Judge Schroeder.

MR. TRIPI:  Absolutely.  And I'll go further, Judge. At this time, we have no plans to acquire that information. What I was going to say is, and our case agents are here watching, but sometimes agents talk to people at jails without us knowing it sometime.  So if something comes to our

possession, it would be unwitting.

THE COURT:  Yeah.

MR. TRIPI:  We'll let you -- we'll make -- we'll tell our agents not to do that, and we will certainly let them know if that circumstance -- or, I don't anticipate that, but stranger things have happened, Judge.  So I just want to put that out there, we aren't actively seeking it out.  We'll tell our agents let's wait until the motion's decided.

THE COURT:  Okay.  And I take it the defense is fine with that?

MS. ZOGHLIN:  Yes, Judge.

THE COURT:  Terrific.  Okay.  And is there -- so, ordinarily, when I have the lawyers in on a criminal case for the first time, I set a trial date.  I'm thinking that probably does not make sense at this point.  Do both sides agree with that, or --

MS. ZOGHLIN:  I certainly agree with that, Judge.

MR. TRIPI:  May I have one moment, Your Honor?

THE COURT:  Yeah, absolutely.

(Off the record at 1:42 p.m.)

(Back on the record at 1:42 p.m.)

MR. TRIPI:  Judge, while the government is always ready for trial, with that caveat in mind, I think it might be appropriate if we have another status in front of Your Honor at that time.

THE COURT: You know, that's my thinking, Mr. Tripi, because when I set a trial date, as you know, it's cast in stone.

MR. TRIPI: Right.

THE COURT: And there just seem to be so many moving parts in this case that it doesn't make sense to do that and set artificial deadlines that, for one reason or another, just can't be met. And I don't want to -- and I don't want to be unrealistic.

By the same token, I share the magistrate judge's concern about moving this case at a decent pace, and so I don't want to let that get away from me.

What do you suggest? Should we set -- so, I know you have another conference in front of magistrate judge on the 10th; is that right?

MS. ZOGHLIN: That's right.

MR. TRIPI: Yes, Your Honor.

THE COURT: And -- and he'll handle all the speedy trial time and things like that. Oh, he excluded time under the statute, the -- can you do that under the detainer statute?

MR. TRIPI: Judge, practically speaking, I think once the person is in federal custody, the exclusions under the Speedy Trial Act would also satisfy the statute under the IAD for good cause. I think interest of justice and good cause

are pretty similar standards.

THE COURT:  I'm just wondering if, I mean, it looks to me like under the statute, the -- it's an extension, not an exclusion, if I'm reading the statute correctly.

I don't -- maybe I'm trying to figure out how many angels can fit on the head of a pin, but -- because it works out the same way I guess, but --

MR. TRIPI:  That's -- I think it works out the same way, but I don't have a better answer for you as I sit here now, Judge.

THE COURT:  Okay.  And you folks are not pushing for the 120-day deadline either?

MS. ZOGHLIN:  Absolutely not, Judge.  I don't think there's any question that this is a complicated case.  It's a complex matter.  There's ample good cause.  There's ample interests of justice to exclude the time, in addition to the fact that there are motions pending.

THE COURT:  Okay.  So what do you think is a reasonable time for a report back here so that I can continue to just take the pulse of the case and know what's going on?

MR. TRIPI:  I --

THE COURT:  Go ahead, Mr. Tripi, you go first.

MR. TRIPI:  45 days, Judge?  I mean, we'll be in court next week.  We'll be asking, perhaps, for a scheduling order for motions, the defense will have their position.

We'll see what Judge Schroeder does, and that gives us about a month and a half to come back to you and let you know where we're at.

THE COURT:  Thoughts from the defense?

MS. ZOGHLIN:  I'm sorry, Judge?

THE COURT:  Thoughts from the defense.

MS. ZOGHLIN:  Yes, I have thoughts about that, yes.

THE COURT:  Go ahead.

MS. ZOGHLIN:  I understand that the government plans to ask for a motion schedule.  We would -- certainly don't think that's appropriate at this time.  If a motions schedule is set, my guess is that we'll be back before this Court to address this Court about a motions schedule.

In terms of the discovery process, as you may have known from -- you may know from listening or reading the appearances before the magistrate judge, but we received 4.1 terabytes.

THE COURT:  Yeah, I don't know what that means, but it sounds like a big -- a big number.

MS. ZOGHLIN:  That's my -- that's the level at which I understand it, Judge.  But this is -- this is how I understand it, is that there are two hard drives and then there's a smaller thumb drive.

On that smaller thumb drive, there are 55,164 pages of documents.  So that, I think, gives you some idea of what

we need to do.

We have been diligently going through it all.  We certainly have an obligation and a desire to go through all of it.  All of it is relevant, we think, to both phases of a trial, if there is one.  So we would not be in a position at this point to consent to a motion schedule because we haven't gotten through the discovery.

THE COURT:  Well, again, that's going to be in front of the magistrate judge, the motions schedule.

What I want to know is what's a reasonable time to have a conference in front of me so that I, as I say, just so that I can keep a handle on this, to report back and talk to me.

MS. ZOGHLIN:  Sure.

THE COURT:  Mr. Tripi says 45 days.  You think that's aggressive, I think --

MS. ZOGHLIN:  Absolutely.

THE COURT:  -- by the look on your face.

MS. ZOGHLIN:  Yes.  Absolutely, Judge.

THE COURT:  What do you think, 90 days?

MS. ZOGHLIN:  I think six months.

THE COURT:  No, that's too long.  That's too long. Let's do 90 days.

Let's do 90 days, Ms. Demma.

THE CLERK:  Yes, Judge, that takes us to the last

week in May.  And I'm looking at Friday, June 2nd at 9:30.
Does that work with your schedules?

MR. TRIPI:  Yes.

MS. COVERT:  I'm sorry, the day?

MS. ZOGHLIN:  June 2nd.

THE CLERK:  June 2nd.

MR. TRIPI:  Friday.

MS. ZOGHLIN:  My colleague is reminding of some
training apparently that we have scheduled.  Could we have the
following week?

THE CLERK:  Thursday, June 8th, 2023, at 9:30.  Does
that work with your schedules?

MR. TRIPI:  Yes.

MS. ZOGHLIN:  Yes, thank you.

THE COURT:  Great.  Okay.  Is there anything else
that I can help with?  Anything else that you need me to do,
either side, needs me to do at this point?

MR. TRIPI:  Not necessarily, Judge.  I just want to
let the Court know, and defense is not, you know, disputing
anything we produced in discovery.  But I want to let you know
we've turned over everything that would already qualify as
Jencks materials in the case.  They have that under the
protective order.  If we acquire more, they'll get more.  But
they essentially have everything that we have.

So once we get past motions, there shouldn't be

delays in setting a trial.  That will be our position.  I just want to forecast that.

THE COURT:  Okay.

MR. TRIPI:  Thank you.

THE COURT:  I mean, obviously, as soon as we have a sense of when a trial date can be set, I'm going to want to set a trial date because again, as I say, I share the magistrate judge's concern.  On the other hand, I understand the defense has lots of stuff that they need to review, and I understand there are steps in the process that we discussed a few minutes ago --

MR. TRIPI:  There are.

THE COURT:  -- that need to take place, as well.  So I get that.  But it's just that this is not going to sit around on a back burner.  The case is too important for that to happen.

MR. TRIPI:  We appreciate that, Judge.

THE COURT:  Anything -- go ahead.

MS. ZOGHLIN:  I'm sorry.

THE COURT:  No, go ahead.

MS. ZOGHLIN:  Just to add to that, obviously, the government has their own process.  Their deliberation of -- the steps that they go through, we're not rushing it.  It's very important to all sides.

But, of course, the decision regarding whether to

seek the death penalty in this case is dispositive of what will happen in this case.

THE COURT:  Obviously.  Yep.  No, no, I get that.  I well understand that.  I well understand that.

Anything else either side needs from me today?

MR. TRIPI:  No, Your Honor.  You've indicated that the speedy trial will be addressed at the magistrate.  The time is already excluded until March 10th --

THE COURT:  Right.

MR. TRIPI:  -- so I wasn't intending on addressing speedy trial until June 8th unless you want me to.

THE COURT:  I don't think that that needs to be done. You'll handle that in front of the magistrate judge, and he can handle that.

Does defense have anything to say about that?

MS. ZOGHLIN:  No, Your Honor.  That's fine.

THE COURT:  Is there anything more from the defense?

MS. ZOGHLIN:  No, Your Honor.  Thank you.

THE COURT:  I -- I appreciate everybody coming in. As I say, I hope this was not an inconvenience for you folks, but I want to keep a handle on this --

MR. TRIPI:  Understood.

THE COURT:  -- because it's a case of such prominence and such importance.  And so thank you very much for coming in.

MR. TRIPI:  Thank you, Your Honor.

MS. ZOGHLIN:  Thank you.

MR. TRIPI:  Have a good day.

THE CLERK:  All rise.

(Proceedings concluded at 1:51 p.m.)

*       *       *       *       *

**CERTIFICATE OF REPORTER**

In accordance with 28, U.S.C., 753(b), I certify that these original notes are a true and correct record of proceedings in the United States District Court for the Western District of New York on March 1, 2023.


s/ Ann M. Sawyer
_____
Ann M. Sawyer, FCRR, RPR, CRR
Official Court Reporter
U.S.D.C., W.D.N.Y.