UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

            v.

PAYTON GENDRON,

                    Defendant.
_____

22-CR-109 (LJV-HKS)

### DEFENDANT'S MOTION TO MODIFY
### PROTECTIVE ORDER TO PROVIDE VICTIMS' COUNSEL WITH
### MEANINGFUL ACCESS TO CERTAIN LIMITED DISCOVERY

Defendant, Payton Gendron, through undersigned counsel, respectfully moves this Court to issue a Supplemental Protective Order relating to the legal teams representing the surviving victims and deceased victims' families that modifies the existing Protective Order Governing Discovery (Doc. # 27).

The purpose of this modest modification is to permit the victims,[1] through their counsel, to *retain* copies of certain limited, non-sensitive discovery material described herein, which counsel have indicated is potentially critical to civil litigation they are contemplating on behalf of the victims. Importantly, the victims and/or their counsel are already permitted to *review* all the discovery provided to the defense team, under the terms of the existing Protective Order Governing Discovery. But it requires they do so only in the presence of a member of the defense team (*i.e.*, at defense counsel's office), and precludes the victims' attorneys from retaining copies or even taking notes while reviewing the material. (Doc. # 27, ¶7). Not surprisingly, these

---

[1] For purposes of this application, the term "victims" refers to the surviving victims of the attack on May 14, 2022, as well as the families of the deceased victims.

logistical constraints have made meaningful review of the material by victims' counsel virtually impossible.

The proposed modification would permit the victims' legal teams to retain just the forensic images of Payton Gendron's three digital devices, namely his cellphone, laptop, and desktop computers, as well as any "social media data" defined to include Payton Gendron's computer files, text messages, emails, and social media accounts, and discovery related to his activities on various social media platforms. All other discovery would remain fully subject to the current Protective Order. Moreover, the victims' counsel would remain fully subject to the current Protective Order's prohibition on releasing or revealing to third parties outside the victims' legal teams the limited material they are permitted to retain.

## I.      Relevant Factual and Procedural Background

On July 14, 2022, a federal grand jury in the Western District of New York returned a 27-count Indictment (22-CR-109-LJV-HKS) charging Payton Gendron with ten counts of Hate Crime Act Resulting in Death, ten counts of Discharge of a Firearm to Commit Murder, four counts of Hate Crime Act Involving an Attempt to Kill, and three counts of Use and Discharge of a Firearm During and in Relation to a Crime of Violence. The ten counts charging Use of a Firearm to Commit Murder carry a potential death sentence.

As reflected in the federal Indictment, the attack resulted in the deaths of ten people and non-fatal injuries to three more. In response to the attack and in its aftermath, law enforcement agencies, particularly, the Federal Bureau of Investigation, the Buffalo Police Department, and the United States Attorney's Office, generated massive amounts of investigative materials that are included in the discovery thus far provided to the defense team. The voluminous discovery material disclosed in this case is contained in approximately 4.1 terabytes of data, approximately

2.8 terabytes of which comprises the forensic images of Payton Gendron's digital devices and related "social media data."

On September 16, 2022, the Government sought a Protective Order pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. §§ 3771(a)(1) and (8), to limit dissemination of the discovery in this case. *See* Motion for Protective Order Governing Discovery, Doc. # 25. The defense did not oppose this application. In its motion seeking the issuance of a Protective Order, the government noted that three important interests would be served by the issuance of a protective order:

> First, it would protect the privacy interests of, among others, family members of the deceased, survivors of the attack, and eyewitnesses to the attack. Second, it would ensure that both the defendant and the government receive a fair trial. Third, it would allow the parties in the federal case to share and discuss discovery materials with the prosecution and defense teams working on the parallel state case arising from the same events.

By Text Order on September 16, 2022, this Court granted the government's motion (Doc. #26) and issued the Protective Order Governing Discovery (Doc. #27). None of these important interests would be jeopardized by the modification sought herein.

On November 28, 2022, our client took responsibility in Erie County Court for the crimes he committed by pleading guilty to the indictment pending against him. On February 15, 2023, he was sentenced to an aggregate sentence of life imprisonment with no possibility of parole plus 90 years.

Lawyers for the surviving victims and the families of the deceased have indicated their intention to pursue civil remedies against any individuals or entities that may have facilitated the commission of this crime such as gun manufacturers, body armor manufacturers, and social media platforms. To explore whether a basis for these claims exist, these attorneys require access to discovery material obtained by law enforcement during the investigation of this crime. Despite

the completion of the state case and the life sentence imposed, the release of any federal

discovery provided to the state prosecutors and defense attorneys remains governed by the

federal protective order. Accordingly, the federal defense team requests a modification of that

Protective Order Governing Discovery for the reasons and under the terms discussed herein.


**II.     A Supplemental Protective Order is Necessary for the Surviving
         Victims and the Families of the Deceased Victims to Obtain
         Meaningful Access to Certain Limited Discovery Material.**

Federal Rule of Criminal Procedure 16 authorizes a court to modify a protective

order at any time by providing in relevant part that "at any time the court may for good

cause . . . grant other appropriate relief." Fed.R.Crim.P. 16(d)(1). Further, the terms of the

Protective Order Governing Discovery in this case specifically provides that either party

may move the Court for a modification of the protective order. *See* Doc. #27, ¶11.

Under the current terms of the Protective Order, the surviving victims, families of the

deceased victims, and their lawyers already have access to review the discovery materials as

"potential witnesses and/or their counsel," albeit under very strict parameters. Specifically, the

Protective Order provides the following as it relates to potential witnesses and their counsel:

> Defense team members may review the discovery materials with potential
> witnesses and/or their counsel for the purposes of defense and trial preparation,
> provided that the potential witnesses and/or their counsel may review the
> materials only in the presence of a defense team member and may not take notes
> regarding the content of the discovery materials.

Since the issuance of the Protective Order Governing Discovery, legal counsel for several victim

witnesses have sought to review limited discovery materials consistent with the terms of the

Protective Order Governing Discovery, i.e., in the presence of a defense team member and

without taking notes. The provision of the Protective Order restricting victims' legal counsel

from having a copy of the discovery or taking notes regarding same has made their meaningful review of this material impossible. The voluminous digital forensic evidence cannot be practically reviewed without extensive forensic processing. To facilitate a meaningful review of this material, the victims' legal teams have requested the undersigned to seek a modification of the existing Protective Order.[2] Their request is limited to specific, non-sensitive discovery material, namely, forensic images of Payton Gendron's electronic devices and the related "social media data."

Accordingly, the undersigned seek an addendum to the Protective Order Governing Discovery for the sole purpose of providing the lawyers representing the victims and their families in this case with more meaningful access to *limited discovery*, specifically the forensic images of Payton Gendron's three digital devices, namely his cellphone, laptop and desktop computers; as well as all "social media data" obtained during the investigation of this crime, without prejudice to seek access to additional discovery in the future. "Social media data" includes Payton Gendron's computer files, text messages, emails, and social media accounts, as well as his activities on various social media platforms.

Accordingly, annexed hereto as Exhibit A is a proposed Supplemental Protective Order Governing Discovery Material to be Provided to Victims' Legal Teams that permits limited disclosure to the "victims' legal team" defined as the "attorneys expressly retained to represent surviving victims and the family members of the deceased in connection with this case and any individuals working in collaboration with or under supervision of these attorneys including paralegals, investigators, experts and computer forensic consultants."

---

[2] Upon information and belief, the government has rejected a request from the victims' legal counsel to provide them with greater access to the social media data contained in the discovery material.

The victims' legal teams agree to abide by the additional terms of the Protective Order that require them to obtain signed acknowledgments of the Protective Order from all team members, including any attorneys, paralegals, investigators, experts, and computer forensic consultants, and prohibits disclosure of any discovery materials to a third party unless permitted by Order of this Court.

The granting of this Supplemental Protective Order Governing Discovery Material to be Provided to the Victims' Legal Teams would not affect, let alone undermine, the purposes for which the original protective order was sought. A primary purpose was to protect the privacy interests of, among others, family members of the deceased, survivors of the attack, and eyewitnesses to the attack. But the discovery material to be provided to the victims' legal teams does not include that sensitive material, and the victims' legal teams will be precluded from disseminating even this non-sensitive material any further. Moreover, because the victims' legal teams are subject to the same non-disclosure provisions contained in the original Protective Order Governing Discovery, neither the defendant nor the government will be deprived of a fair trial.[3]

Of course, the only reason any protective order is required is that the government has not yet declined to pursue the death penalty in this case. If and when it agrees to do so, Payton Gendron is prepared to enter a plea of guilty to the charges and receive a sentence of life without the possibility of release to be served consecutively to the life without parole sentence previously imposed in state court. At that point, any concerns regarding the integrity of the government's

---

[3] The third reason for the original protective order – that it would allow the parties in the federal case to share and discuss discovery materials with the prosecution and defense teams working on the parallel state case arising from the same events – has been rendered moot by the conclusion of the state prosecution.

prosecution would no longer apply. Until that time, the constraints on further disclosure mean there is no reason not to at least allow the victims' legal teams greater access to the limited discovery required to pursue any additional civil remedies that may arise from the circumstances of this case.

## III.    Conclusion

Based on the foregoing, the undersigned request the Court to issue a Supplemental Protective Order Governing Discovery Material to be Provided to the Victims' Legal Teams that permits victims' legal teams meaningful access to the limited discovery of the forensic images and "social media data" identified herein.

Dated:          April 28, 2023
                Buffalo, New York

                                    *s/MaryBeth Covert*
                                    _____
                                    MaryBeth Covert
                                    Senior Litigator

                                    *s/Sonya A. Zoghlin*
                                    _____
                                    Sonya A. Zoghlin
                                    Assistant Federal Public Defender

                                    *s/Anne M. Burger*
                                    _____
                                    Anne M. Burger
                                    Supervisory Assistant Federal Public Defender