# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*                 716/843-5700
*138 Delaware Avenue*         *fax* 716/551-3052
*Buffalo, New York   14202*    *Writer's Telephone:*   716/843-5822

February 2, 2023

John V. Elmore, Esq.
2969 Main Street
Suite 200
Buffalo, New York 14214

RE: **United States v. Payton Gendron**

Dear Mr. Elmore:

As you are aware, this Office is committed to pursuing justice in this case and complying with our obligations under the Crime Victims' Rights Act [18 U.S.C. §3771]. To that end, we have met with family representatives of the victims of this horrific mass-shooting, some of whom you represent, on multiple occasions. We have kept them apprised of developments at every stage of the case.

On several occasions you, on behalf of your clients, have requested materials contained in our prosecution file in order to pursue civil lawsuits. Specifically, you have requested materials itemized in the government's discovery index, an index that the government provided to the Federal Public Defender's Office through discovery in the criminal case.

After careful review of your requests, the government has concluded that the protective order in the criminal case does not permit disclosure of discovery materials for the purpose of advancing potential civil lawsuits. Indeed, the protective order states, in relevant part:

> Defense team members shall use discovery materials only for the purpose of preparing a defense to this case. Defense team members may review the discovery materials with potential witnesses and/or their counsel for purposes of defense and trial preparation, provided that the potential witnesses and/or their counsel may review the materials only in the presence of a defense team member and may not take notes regarding the content of the discovery materials.

The information you are seeking includes nearly the entire prosecution file, with the exception of graphic crime scene photographs and videos. Granting your requests would be

unprecedented based upon our review of other mass shooting prosecutions nationwide and other matters prosecuted by this Office.

For example, you request all grand jury subpoena responses pertaining to firearms, social media, other individuals, and school records pertaining to the defendant. These materials are not permitted to be disclosed pursuant to Fed. R. Crim. P. Rule 6(e).

You request search warrant applications and affidavits. These documents remain under seal pursuant to court order. Moreover, they are non-public judicial documents which are generally disclosed only if an individual has standing to contest the search, or as *Jencks* material if there is a hearing or trial. To the extent you are seeking the search warrants and receipts relating to items seized from the defendant's residence, you can request those materials from other sources.

You request information that is available to you in the public domain. This includes the defendant's Discord diary and information describing the Bushmaster firearm used in the shooting.

Finally, you request law enforcement reports relating to this investigation and prosecution, including reports relating to the firearms possessed and used by the defendant, the search of the defendant's residence, and communications by the FBI SOMEX team. These materials are investigative documents and communications that belong to law enforcement agencies. They are provided to this Office to be used solely for authorized purposes. That authorized purpose is the prosecution of the criminal case against the defendant.

Thus, although we have reviewed in good faith your various requests for access to criminal materials for use in your civil lawsuit, we must deny them. That being said, it is important that we have the opportunity to meet with your clients directly, so we can explain the reasons for our decision. We will reach out to schedule a meeting.

Very truly yours,

TRINI E. ROSS
United States Attorney

TER/lr



**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*  716/843-5700
*138 Delaware Avenue*  fax 716/551-3052
*Buffalo, New York  14202*  Writer's Telephone:  716/843-5822

February 2, 2023

Terrence M. Connors, Esq.
1000 Liberty Building
424 Main Street
Buffalo, New York 14202

      RE:    **United States v. Payton Gendron**

Dear Mr. Connors:

      As you are aware, this Office is committed to pursuing justice in this case and complying with our obligations under the Crime Victims' Rights Act [18 U.S.C. §3771]. To that end, we have met with family representatives of the victims of this horrific mass-shooting, some of whom you represent, on multiple occasions. We have kept them apprised of developments at every stage of the case.

      On several occasions you, on behalf of your clients, have requested materials contained in our prosecution file in order to pursue civil lawsuits. Specifically, you have requested materials itemized in the government's discovery index, an index that the government provided to the Federal Public Defender's Office through discovery in the criminal case.

      After careful review of your requests, the government has concluded that the protective order in the criminal case does not permit disclosure of discovery materials for the purpose of advancing potential civil lawsuits. Indeed, the protective order states, in relevant part:

> Defense team members shall use discovery materials only for the purpose of preparing a defense to this case. Defense team members may review the discovery materials with potential witnesses and/or their counsel for purposes of defense and trial preparation, provided that the potential witnesses and/or their counsel may review the materials only in the presence of a defense team member and may not take notes regarding the content of the discovery materials.

      The information you are seeking includes nearly the entire prosecution file, with the exception of graphic crime scene photographs and videos. Granting your requests would be

unprecedented based upon our review of other mass shooting prosecutions nationwide and other matters prosecuted by this Office.

For example, you request all grand jury subpoena responses pertaining to firearms, social media, other individuals, and school records pertaining to the defendant. These materials are not permitted to be disclosed pursuant to Fed. R. Crim. P. Rule 6(e).

You request search warrant applications and affidavits. These documents remain under seal pursuant to court order. Moreover, they are non-public judicial documents which are generally disclosed only if an individual has standing to contest the search, or as *Jencks* material if there is a hearing or trial. To the extent you are seeking the search warrants and receipts relating to items seized from the defendant's residence, you can request those materials from other sources.

You request information that is available to you in the public domain. This includes the defendant's Discord diary and information describing the Bushmaster firearm used in the shooting.

Finally, you request law enforcement reports relating to this investigation and prosecution, including reports relating to the firearms possessed and used by the defendant, the search of the defendant's residence, and communications by the FBI SOMEX team. These materials are investigative documents and communications that belong to law enforcement agencies. They are provided to this Office to be used solely for authorized purposes. That authorized purpose is the prosecution of the criminal case against the defendant.

Thus, although we have reviewed in good faith your various requests for access to criminal materials for use in your civil lawsuit, we must deny them. That being said, it is important that we have the opportunity to meet with your clients directly, so we can explain the reasons for our decision. We will reach out to schedule a meeting.

Very truly yours,

TRINI E. ROSS
United States Attorney

TER/lr



**U.S. Department of Justice**

United States Attorney
Western District of New York

Civil Rights Division
Criminal Section

March 16, 2023

Diandra "Fu" Debrosse Zimmermann
505 20th Street North
Fifteenth Floor
Birmingham, Alabama 35203

Re:    *United States v. Payton Gendron* (22-cr-109-LJV-HKS)

Dear Ms. Zimmermann:

This letter is in response to your request for the federal government to consent to a modification of the Protective Order Governing Discovery, issued by the Honorable H. Kenneth Schroeder, Jr., on September 16, 2022, in the case of *United States v. Payton Gendron* (22-cr-109-LJV-HKS). In light of the ongoing federal criminal prosecution of Defendant Gendron, we are unable to consent to a modification of the protective order applicable to the discovery provided to the Federal Public Defender's Office.

As you are aware, the federal case against Defendant Gendron is being jointly prosecuted by the United States Attorney's Office for the Western District of New York and the Criminal Section of the Civil Rights Division of the United States Department of Justice. Our federal team is committed to pursuing justice in this case in order to vindicate the substantial federal interest arising from this horrific mass-shooting. We are likewise equally committed to complying with our obligations under the Crime Victims Rights Act, codified at 18 U.S.C. § 3771.

To that end, we have worked diligently, with the assistance of our victim witness services team, to ensure that each right delineated in the Crime Victims Right Act, 18 U.S.C. § 3771(a)(1)-(10), is protected. We have, for example, apprised the victims and family representatives, some of whom you represent, of all public court proceedings and significant developments in the federal case; met with the victims and family representatives on multiple occasions; and made ourselves available to answer the victims and family representatives' questions and concerns. It has been, and continues to be, essential to us that the victims and family representatives are treated with fairness, dignity, and respect throughout our criminal prosecution of Defendant Gendron.

While we recognize the potential importance of the discoverable materials obtained through the federal criminal investigation to your clients' civil interests, a release of these materials during the pendency of the federal criminal case could significantly impact the federal prosecution. Our decision on this request is predicated on a review of our ordinary discovery practices, the

applicable ethical rules of professional conduct related to pre-trial publicity, and considerations raised by Congress in creating exemptions within the Freedom of Information Act, 5 U.S.C. § 552 (exempting "(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, . . .").

In light of these considerations, a protective order was sought and granted restricting disclosure of the discovery materials for any purpose other than the preparation of the defense case. Specifically, the Protective Order Governing Discovery states: "Defense team members shall use discovery materials only for the purpose of preparing a defense to this case. Defense team members may review the discovery materials with potential witnesses and/or their counsel for purposes of defense and trial preparation, provided that the potential witnesses and/or their counsel may review the materials only in the presence of a defense team member and may not take notes regarding the content of the discovery materials." Thus, we note that your statement in your letter that "the current Protective Order permits us to look at discovery" overstates the scope of the permitted use of the discoverable materials. The Protective Order Governing Discovery permits your clients to look at discovery as necessary for preparation in the federal prosecution. Discovery in the criminal case may not be reviewed in furtherance of any potential civil litigation.

We understand that our inability to agree to modify the protective order could be frustrating to the victims and family representatives who are interested in pursuing civil remedies. As stated above, it is a priority for us that all the victims and family representatives of this horrendous atrocity feel heard and respected throughout this process. The prosecution team would therefore welcome the opportunity to meet with your clients, and the other victims and family representatives, to explain in person why we cannot consent to the requested modification of the Protective Order Governing Discovery during the pendency of the federal criminal proceedings.

Please let us know if and when your clients would like to speak with the prosecution team, and if you have any other questions or concerns.

Respectfully,

TRINI E. ROSS
United States Attorney
Western District of New York
U.S. Department of Justice

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

2