IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  22-CR-109-LJV-HKS

PAYTON GENDRON,

Defendant.

**RESPONSE TO DEFENSE APPEAL OF MAGISTATE JUDGE H. KENNETH SCHROEDER, JR.'S SCHEDULING ORDER AND MOTION TO RESCIND THE REFERRAL ORDER**

The United States of America, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Kristen M. Clarke, Assistant Attorney General, Civil Rights Division, and Joseph M. Tripi and Brett A. Harvey, Assistant United States Attorneys, and Laura B. Gilson, Trial Attorney, Civil Rights Division, hereby submits this Response to Defendant's Appeal of United States Magistrate Judge H. Kenneth Schroeder, Jr.'s Scheduling Order and Motion to Rescind the Referral Order. *See* Doc. No. 80.

I.  **PROCEDURAL BACKGROUND**

On May 14, 2022, defendant Payton Gendron ("defendant") committed a mass shooting targeting Black people at the Tops Friendly Market ("Tops"), located at 1275 Jefferson Avenue in Buffalo, New York. During his mass shooting, the defendant shot and killed ten Black people and wounded three other people. That same day, United States Magistrate Judge H. Kenneth Schroeder, Jr. ("Magistrate Judge Schroeder") assigned learned defense counsel to the case due to the potential for federal capital charges.

On June 15, 2022, the defendant was charged by criminal complaint with Hate Crime Resulting in Death (10 Counts); Hate Crime Involving Bodily Injury and Attempt to Kill (3 Counts); Use of a Firearm to Commit Murder During and in Relation to a Crime of Violence (10 Counts); and Use and Discharge of a Firearm During and in Relation to a Crime of Violence (3 Counts). *See* Doc. No. 1. The government provided organized and searchable discovery to the defense the next day, on June 16, 2022.

On July 14, 2022, the defendant was charged in a twenty-seven count Indictment, and the case was referred to Magistrate Judge Schroeder. *See* Doc. Nos. 6, 8. The defendant was arraigned on July 18, 2023. *See* Minute Entry, July 8, 2022.

On September 21, 2022, the government provided additional organized and searchable voluntary discovery to the defense. In its disclosure letter, the government stated, "The government considers voluntary discovery to be complete. However, we are mindful of our ongoing obligations to produce discovery pursuant to Rule 16(c) and *Brady* material. With some limited exceptions, you now have all the materials we have and all of the materials we intend to introduce at trial." Since that time, the government has made smaller supplemental disclosures pursuant to Rule 16(c). The defense has been in possession of virtually the same information as the government since September 21, 2022.

On December 9, 2022, the parties appeared for a status conference, and the defense requested an adjournment to further review voluminous discovery. Magistrate Judge Schroeder agreed and scheduled a status conference for March 10, 2023. *See* Minute Entry, December 9, 2022.

On March 10, 2023, defense counsel requested additional time to review discovery and Magistrate Judge Schroeder agreed, designated the case as a complex case, and scheduled a status conference for June 15, 2023. *See* Minute Entry, March 10, 2023.

On June 15, 2023, Magistrate Judge Schroeder issued a Scheduling Order over the defendant's objection. The Scheduling Order required voluntary discovery to be completed by June 30, 2023; all pretrial motions to be filed by August 31, 2023; all responses to pretrial motions to be filed by September 30, 2023; and set oral argument on all pretrial motions for October 24, 2023. *See* Doc. Nos. 76, 78. The government agreed with the issuance of a scheduling order but indicated that a more comprehensive schedule would be appropriate, as opposed to the standard schedule typically issued in non-complex, non-capital-eligible cases.

On June 29, 2023, the defense filed an appeal to the Scheduling Order and a motion to rescind the referral order. *See* Doc. Nos. 79, 80. This response ensues.

## II. RESPONSE TO THE DEFENDANT'S APPEAL OF MAGISTATE JUDGE SCHROEDER'S ISSUANCE OF A SCHEDULING ORDER

Pursuant to this Court's order on July 14, 2022, Magistrate Judge Schroeder was designated to hear and determine all pretrial matters. *See* Doc. No. 8. Pursuant to that referral order, 28 U.S.C. § 636(b)(1)(A), and Federal Rule of Criminal Procedure 59, Magistrate Judge Schroeder was vested with the authority to set a scheduling order in this case, and he elected to do so. A review of relevant caselaw and the procedural posture of this

case demonstrates that Magistrate Judge Schroeder's decision to do so was neither clearly erroneous nor contrary to law.

In arguing that Magistrate Judge Schroeder's decision to set a scheduling order was clearly erroneous and contrary to the law, the defense ignores that the district court's review of a magistrate judge's non-dispositive orders, such as the setting of a scheduling order, is "highly deferential." *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.,* 301 F.R.D. 47, 50 (S.D.N.Y. 2014) (holding that the "standard of review is highly deferential" as "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused.") (quotations omitted). Indeed, a magistrate judge's non-dispositive order is only "clearly erroneous" "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006) (internal quotations omitted) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Further, a magistrate judge's non-dispositive order is only "deemed 'contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *United States v. Turnquist*, No. 21-CR-15, 2022 WL 1913593, at *2 (W.D.N.Y. June 3, 2022) (quoting *United States v. Torres*, No. 18-CR-6094-FPG, 2020 WL 4199075, at *1 (W.D.N.Y. July 22, 2020)).

In defendant's motion, his counsel attempt to argue that Magistrate Judge Schroeder's setting of a scheduling order was clearly erroneous and contrary to law by asserting that (1) they, as defense counsel in a potential capital case, have a duty to assert legal claims and an obligation to investigate on the defendant's behalf; (2) the Department

4

of Justice's authorization process requires the Attorney General to consider evidence beyond the facts of the underlying capital crime; (3) filing motions prior to the Attorney General's authorization decision undermines the defendant's acceptance of responsibility; and (4) other similar death-eligible cases did not impose scheduling orders before the Attorney General's authorization decision. *See* Doc. No. 80 at pg. 9-19. These assertions prove too little.

First, several of the defense's assertions are inaccurate because they ignore historical District practice, including District practice in capital-eligible cases. For example, defense counsel asserts that if they file motions prior to the Attorney General's authorization decision, it will undermine the defendant's acceptance of responsibility. This assertion ignores both District practice and controlling Second Circuit caselaw. In this District, defendants in virtually every criminal case file motions, conduct evidentiary hearings, file objections to Report and Recommendations or Decisions and Orders, engage in oral argument, and *still* receive credit for acceptance of responsibility as long as their guilty plea occurs sufficiently in advance of trial. *See United States v. Vargas*, 961 F.3d 566, 582 (2d Cir. 2020) ("The text of § 3E1.1(b) does not require a defendant to plead without engaging in pretrial motion practice; it requires that the plea be sufficiently in advance of trial to avoid extensive trial preparation."); *see also United States v. Kumar*, 617 F.3d 612, 637 (2d Cir. 2010) (finding that the lateness of the defendant's plea—two weeks before trial—was not, on its own, a sufficient basis for denying him any acceptance of responsibility credit).

Likewise, while judges overseeing capital-eligible mass shooting cases in other districts may have chosen, in their discretion, to decline to set a scheduling order before the

5

Attorney General made an authorization decision, courts within this District overseeing capital-eligible cases have elected to proceed with motion practice prior to the Attorney General making an authorization decision. *See e.g., United States v. Green,* No. 12-CR-83S (1)(2)(3), 2018 WL 786185, at *3 (W.D.N.Y. Feb. 8, 2018), *aff'd sub nom. United States v. Black,* 918 F.3d 243 (2d Cir. 2019) ("Defendants filed pretrial motions by the September 28, 2012 deadline, even though the government had not yet filed its Notice of Intent."); *see also United States v. Rounds et al.*, Case No. 10-CR-239-WMS (W.D.N.Y.).[1] Accordingly, it was neither clearly erroneous nor contrary to law for Magistrate Judge Schroeder to set a scheduling order.

Second, and moreover, even if the defense's assertions in their motion are taken at face value, they still fail to demonstrate that Magistrate Judge Schroeder's decision to set a scheduling order was clearly erroneous or contrary to law. For example, the United States agrees that defense counsel has a duty to assert legal claims and conduct an investigation on behalf of the defendant. The United States also agrees that the Department of Justice's authorization procedures applicable to death-eligible cases direct the Attorney General to consider evidence, including mitigation evidence that the defense elects to share, beyond the facts of the underlying crime, when making an authorization decision. But it does not follow from the parties agreeing on those matters, that Magistrate Judge Schroeder acted clearly erroneously or contrary to law when he elected, in his discretion, to set a scheduling order for pretrial motions.

---

[1] Defense pre-trial motions were filed by defendant Johnny Rounds seeking a Bill of Particulars, Release of Brady Materials, Discovery, Dismissal, and Suppression on January 28, 2013 (*see* Doc. No. 220), and the authorization and notice not to seek the death penalty was filed on June 26, 2014 (*see* Doc. No. 364).

Judge Schroeder's decision to set a scheduling order was not only within his authority, but also reasonable given the long procedural history, discussed *supra*, that proceeded his decision to do so. As of July 14, 2023, it will have been 426 days since the mass shooting at Tops, 393 days since the government provided voluminous discovery at the complaint stage, and 296 days since the government disclosed copies of the majority of its case file to the defense. Further, over the history of the case, the parties have appeared before Magistrate Judge Schroeder for multiple status conferences, during which Magistrate Judge Schroeder has agreed, on more than occasion, to the defense's request for additional time to review discovery before setting a scheduling order. *See* Minute Entry, December 9, 2022; Minute Entry, March 10, 2023. Thus, under these circumstances, it was neither clearly erroneous nor contrary to law for Magistrate Judge Schroeder to set a scheduling order on June 15, 2023.

In addition, as indicated in the defendant's motion, *see* doc. no. 80 at pg. 5, the government, when it requested a scheduling order be set, also requested an opportunity to propose the contents and timeline of a scheduling order for the court's consideration. The government's intention was and is to propose a scheduling order that would be consistent with the scheduling orders utilized in other similar mass-shooting cases. Setting a scheduling order that accounts for the complex and unique nature of this case would allow both parties to effectively, and as efficiently as possible, litigate this case. To the extent that this Court is inclined, as discussed below, to rescind its referral order and resume supervision of pretrial matters, the government would request the opportunity to propose a scheduling order for the Court's consideration.

### III. RESPONSE TO THE DEFENDANT'S MOTION TO RESCIND THE REFERRAL ORDER

Referral of this case for dispositive and non-dispositive motions was proper and in accordance with the Local Rules and practice. *See* Local Rules of Criminal Procedure, Federal Rule of Criminal Procedure 59; *see also* 28 U.S.C. § 636(b)(1)(A) & (B).

Nevertheless, as the defense motion posits, if this case proceeds as a capital prosecution, protracted motion practice will ensue, pertaining to a variety of issues, including discovery, suppression, and constitutional motions related to the death penalty. *See* Doc. No. 80 at pg. 20 (citing to *United States v. Bowers*, 18-cr-00292-RJC-1, Docket Entries (numbered 1 through 1,405 as of June 29, 2023)). The government anticipates that every decision rendered by the Magistrate Judge in this case will be met with prompt appeals, and thus necessitate additional motions practice and oral argument. As the defense points out, here, this process would not only sap the goals of judicial economy and efficiency, but also increase the media coverage of the case and the number of court appearances that the victims and victims' family members, understandably, feel a need to stay informed of and attend. Therefore, a revocation of the referral order would serve the interests of judicial economy and efficiency by streamlining the litigation process, which would be beneficial not only to parties but also to the victims and public. Accordingly, the government defers to the Court regarding the defendant's motion to revoke the referral order.

### CONCLUSION

The Court should deny the defendant's appeal to the extent that it was not clearly erroneous or contrary to law for Magistrate Judge Schroeder to issue a Scheduling Order.

The government, however, does not oppose modification of the existing motions schedule and defers to the Court on the defendant's motion to revoke the referral order.

DATED:     July 14, 2023
                  Buffalo, New York

| | |
|---|---|
| TRINI E. ROSS<br>United States Attorney<br>Western District of New York | KRISTEN M. CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| BY:   s/JOSEPH M. TRIPI<br>      Assistant United States Attorney<br>      United States Attorney's Office<br>      Western District of New York<br>      138 Delaware Avenue<br>      Buffalo, New York 14202<br>      (716) 843-5839<br>      Joseph.Tripi@usdoj.gov | BY:   s/LAURA B. GILSON<br>      Trial Attorney<br>      Civil Rights Division<br>      U.S. Department of Justice<br>      150 M Street NE<br>      Washington, DC 20530<br>      202-598-1141<br>      Laura.gilson2@usdoj.gov |
| BY:   s/BRETT A. HARVEY<br>      Assistant United States Attorney<br>      United States Attorney's Office<br>      Western District of New York<br>      100 State Street<br>      Rochester, New York 14614<br>      (585) 399-3949<br>      Brett.Harvey@usdoj.gov | |