UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                     22-CR-109 (LJV-HKS)

PAYTON GENDRON,

                  Defendant.
_____

## REPLY IN SUPPORT OF
## MOTION FOR BILL OF PARTICULARS

    Defendant, Payton Gendron, through undersigned counsel, submits this brief reply to the government's Response (ECF No. 168) to his Motion (ECF No. 161) to direct the government to provide him with a bill of particulars to supplement the indictment.

    In his Motion, Payton Gendron identified how, in a number of respects, the indictment fails to allege the specific *conduct* by him or other essential *facts* comprising the charged offenses and special findings in this death-penalty prosecution. (The Motion acknowledged that a bill of particulars is not a means to learn the identities of the government's witnesses and their anticipated testimony, *i.e.*, its specific *evidence*.) Payton Gendron also explained how here, under the law, the Court is therefore authorized to order the government to furnish a bill of particulars providing sufficient notice to enable him to prepare for trial and to minimize the danger of unfair surprise at trial. Finally, the Motion concretely specified in numbered paragraphs the alleged conduct or other facts missing from each count or group of counts in the indictment.[1]

---

[1] *Cf. United States v. Zaso*, 2024 WL 1932685, at *2 (W.D.N.Y. May 2, 2024) (denying bill of particulars where there was a "lack of particularity in Zaso's arguments" about what particulars he needed).

The government's Response, which resists furnishing *any* particulars about *any* count, is off base for two main reasons.

First, the (all non-capital) cases the government cites all warn against using a bill of particulars to compel the government to preview its "evidence." *See* ECF No. 168, at 5-6, 11-12. But those decisions consistently acknowledge the distinction between the government's "evidence," on the one hand, and the "acts" or "conduct" of the defendant or other "facts" it intends to prove, on the other, the latter of which those courts recognize *is* a proper subject for a bill of particulars.[2] *See id.* (quoting, e.g., *United States v. Zaso*, 2024 WL 1932685, at *2 (W.D.N.Y. May 2, 2024) (bill of particulars required when indictment omits "the specific acts" of which defendant "is accused"). That is why those courts denied requests "targeting evidentiary details," *United States v. Wey*, 2017 WL 237651, at *18 (S.D.N.Y. Jan. 18, 2017), or collateral facts, *e.g., United States v. Turnquist*, 2022 WL 1913593, at *3 (W.D.N.Y. June 3, 2022) (room-numbers at the hotel where minor victim was later prostituted in a case charging defendant transported her across state lines for sexual purposes) (cited in ECF No. 168 at 12), but ordered the government to furnish particulars such as the specific fraudulent transactions alleged against a defendant, ECF No. 168 at 6 (citing *United States v. Nachamie*, 91 F. Supp. 2d 565, 571-72 (S.D.N.Y. 2000)).[3]

---

[2] The government also quotes, out of context, language from *United States v. Benjamin*, 95 F.4th 60, 66-67 (2d Cir. 2024), that an indictment need only track the statutory language and approximate the time and place of the charged crime. ECF No. 168 at 5. The Second Circuit was discussing the test for dismissing an indictment as insufficient, not the one for requiring it be supplemented with a bill of particulars. 95 F.4th at 66-67; *see also United States Mansouri*, 2023 WL 9100641, at *2 (W.D.N.Y. June 29, 2023) (same) (cited at ECF No. 168 at 8).

[3] The government assures the Court that, unlike financial prosecutions like *Nachamie*, Payton Gendron's trial will not be "document intensive." ECF No. 168 at 7. But in the recent federal capital trial of Robert Bowers in the Western District of Pennsylvania, which the government has claimed Payton Gendron's will parallel, it appears the government introduced hundreds of

2

Second, while it is true that a massive amount of discovery, as the defense here must sift through, "alone does not warrant a bill of particulars," ECF No. 168 at 6 (quoting *United States v. Clarkson Auto Elec., Inc.*, 2014 WL 3906324, at *3 (W.D.N.Y. Aug. 8, 2014)), the government mistakenly leaps from this to the unsupported and illogical proposition that such a discovery dump alone *exempts* it from having to provide any particulars to supplement even a bare-bones indictment.  *See* ECF No. 168, at 6-7.

Notably, for virtually all the particulars specifically requested in Payton Gendron's Motion, the government says nothing, even in general terms, about where in the discovery these can be unearthed.  And the few instances where the government addresses those requests only underscore the need for a bill of particulars.  Thus, for example, while the government acknowledges that the indictment fails to identify the "planning" conduct it intends to prove Payton Gendron engaged in to support the "substantial planning and premeditation" aggravating factor alleged in the indictment, it argues that some of those acts can be distilled from "the defendant's Discord diary," a 780-page document which it has furnished in discovery.[4]  ECF No. 168 at 10.  But what about the other "planning" conduct the government is alleging but has not identified?  Where can it be found?  In some other dim corners of the discovery?  Or perhaps nowhere, as the government has not foresworn proving its case with testimony not yet reduced to writing and thus not reflected in the discovery thus far provided?  Without a bill of particulars,

---

documentary exhibits.  *See United States v. Bowers*, No. 2:18-cr-292, ECF Nos. 1542-1544 (W.D. Pa. Aug. 3, 2024).

[4] Because the statutory aggravating factors, like substantial planning, were alleged by the government in both the indictment and the death-penalty notice, Payton Gendron addressed them primarily in his motion for an informational outline of all the sentencing aggravators (ECF No. 160), but also briefly covered them in his motion for a bill of particulars to supplement the indictment.   Similarly, he will address these aggravating factors primarily in his reply to the government's response (ECF No. 167) to the informational outline motion.

defense counsel is left to guess at the answers, for this and other essential facts the government plans to try to prove at trial but is refusing to particularize. Similarly, the government acknowledges the indictment counts (numbers 11-20 and 24-26) charging Payton Gendron with firearms murder and attempted firearms murder under 18 U.S.C. §§ 924(j), 1111 do not say whether it was first- or second-degree murder or, if the former, whether it was premeditated or felony murder, *see* § 1111(a). Instead, according to the government, this omission is inconsequential because defense counsel can fill it in themselves from the discovery. *See* ECF No. 168 at 12. But the government cities no authority for refusing to particularize the most basic fact, what crime is charged.

Accordingly, for the foregoing reasons and those discussed in Payton Gendron's original Motion for a Bill of Particulars, and pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution, Federal Rule of Criminal Procedure 7, and the FDPA, the defendant requests that this Court grant the Motion.

Dated:      June 7, 2024
            Buffalo, New York

*s/Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender

*s/Anne M. Burger*
Anne M. Burger
Supervisory Assistant Federal Public Defender

*s/MaryBeth Covert*
MaryBeth Covert
Senior Litigator

*s/Julie Brain*
Julie Brain
Attorney at Law