IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        v.                                                                                            22-CR-109-V

PAYTON GENDRON,

                Defendant.

---

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S PRETRIAL DETENTION RECORDS DISCLOSURE LOG

The United States of America, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Kristen M. Clarke, Assistant Attorney General, Civil Rights Division, and Joseph M. Tripi and Brett A. Harvey, Assistant United States Attorneys, Laura Gilson, Trial Attorney, Civil Rights Division, and Michael Warbel, Trial Attorney, Capital Case Section, of counsel, respectfully submits this response to the defendant's "Pretrial Detention Records Disclosure Log."

### FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2022, the defendant, PAYTON GENDRON, moved for a protective order prohibiting the government from accessing his pretrial detention records. (Docket No. 15). After extensive submissions and oral argument,[1] this Court issued a Decision and Order,

---

[1] The government filed a response in opposition to the motion (Docket No. 145), the defendant filed a reply (Docket No. 20), the government filed a sur-reply (Docket No. 23), the government filed a supplemental memorandum (Docket No. 140), the defendant filed a reply (Docket No. 144), and the government filed a supplemental reply (Docket No. 146). This Court held oral argument on February 2, 2024. The government will not restate the arguments advanced in its prior submissions but continues to rely on those arguments in opposing the defendant's withholding of several categories of pretrial detention records.

dated April 29, 2024, outlining the process for the review and disclosure of pretrial detention records in this case. This Court directed (1) that the Erie County Holding Center (ECHC) and the Livingston County Jail (LCJ) provide the defendant's pretrial detention records to defense counsel for them to review before any records are disclosed to the government; (2) that, after receiving the records from ECHC and LCJ, "defense counsel shall review them and create a log of any records they want to withhold, identifying the applicable privilege or right;" and (3) "[i]f there is any dispute about any of the withheld records, the Court will review the records in camera and will rule on whether a privilege or right applies." (Docket No. 156, at 1-2).

On May 31, 2024, this Court issued orders directing ECHC and LCJ to produce pretrial detention records to the defense no later than June 21, 2024. (Docket Nos. 174 and 175). Defense counsel acknowledge that, pursuant to these orders, they received 73 pages of records from ECHC and "108 pages along with two Excel files, 66 photographs, and 21 audio recordings" from LCJ. (Docket No. 194, at 2).

On July 26, 2024, this Court issued a scheduling order requiring defense counsel to disclose to the government the log of withheld records "along with a brief statement of the reasons" such records are being withheld by August 2, 2024, and the government to file a response "identifying documents to which non-disclosure is conceded and documents to which entitlement to disclosure is disputed with a brief statement of the reasons therefor" by August 16, 2024. (Docket No. 195).

On August 2, 2024, the defense sent a "Pretrial Detention Records Disclosure Log" ("log") to the government. The log outlines the categories of pretrial detention records that

the defendant intended to disclose to the government and those that the defendant was declining to disclose. A copy of the log is attached hereto as *Exhibit A*.

In the log, the defense refuses to disclose entire categories of pretrial records from ECHC and LCJ on various grounds. Regarding the LCJ records, the defendant refuses to disclose (1) all commissary records (including commissary activity and deposits) and tablet information (including photographs of contacts, login photographs, depositors, messages, photographs, contacts, video visits, and a list of funds added to the account) under the First and Fourth Amendments; (2) all wave audio files of recorded phone calls under the First Amendment, Fourth Amendment, attorney work product doctrine, and an unspecified privilege; (3) lists of mail and visitors and a list of phone calls under the First Amendment, Fourth Amendment, and attorney work product doctrine; and (4) a spreadsheet of jail visits under the First Amendment and attorney work product doctrine. *Exhibit A*, at 1-3. The defendant also provided redacted copies of his kiosk requests, Player application extensions and related files, incident reports, incident summaries, schedule (for the period from February 1, 2023, through March 3, 2024), inmate property inventory, and inmate property release, noting that the redactions were based on the First Amendment, Fourth Amendment, medical and/or attorney work product doctrine. *Id.* at 1-2.

Regarding the ECHC records, the defense refuses to disclose commissary records under the First and Fourth Amendments, and visitor logs under the attorney work product doctrine. *Exhibit A*, at 4.

On August 7, 2024, defense counsel delivered a thumb drive containing certain ECHC and LCJ records to the government. The disclosed documents include redacted copies of the

3

LCJ records specified in the log disclosed by the defense on August 2, 2024, as well as unredacted copies of the instructions for playing recorded phone calls, the defendant's booking card, the defendant's acknowledgment that he received a copy of the LCJ rule book, three screenshots of the defendant's tablet relating to the LCJ's Inmate Handbook, and a video/audio recording of the automated warning that phone calls are subject to monitoring and recording. In addition, the disclosed documents include unredacted copies of certain records from ECHC, including the defendant's booking package, miscellaneous documents (including the defendant's commitment on his state court convictions, several copies of the writs issued for some of his federal court appearances, the federal detainer lodged against the defendant at ECHC, the federal criminal complaint and supporting affidavit (Case No. 22-MJ-124), several securing orders and orders to produce for the defendant's state case, and a document relating to an "initial screening" of the defendant by the Erie County Sheriff's Office on May 14, 2022).

## ARGUMENT

After more than two years of litigation, the defendant has still failed to identify any legal authority for prohibiting the government from accessing entire categories of pretrial detention records. While the defendant identifies the general grounds for withholding categories of records in the disclosure log, he still refuses to identify specific records that are protected from disclosure by a valid constitutional claim or legal privilege. Similarly, while the defendant has disclosed redacted copies of certain documents from LCJ and identified the general grounds for the redactions, he has failed to explain why the redacted portions of the records are protected from disclosure. This is inexcusable at this stage of this litigation, especially considering that the government made every effort to avoid obtaining potentially

privileged or protected information by expressly agreeing to exclude medical and legal records from its requests for pretrial detention records. In fact, the orders to produce records issued by this Court to ECHC and LCJ – the terms of which were agreed upon by the parties – explicitly excluded legal records and communications. (Docket Nos. 174 and 175). Given these circumstances, this Court should require the defendant to specifically identify the records that he claims are protected by a constitutional claim and/or legal privilege and to explain how such records are protected from disclosure.

Based on the limited information available to the government, the government cannot take a position on whether the defendant's constitutional and privilege claims are *bona fide*. This problem could be cured by a government filter team. As the government has noted previously, the use of a filter team is a common practice that has been approved by courts in this Circuit. (*See* Docket No. 146, at 11-12 (citing *United States v. Avenatti*, 559 F. Supp. 3d 274, 282 (S.D.N.Y. 2021) (collecting cases))); *see also United States v. Bowers*, 18-CR-292, Docket No. 141 (W.D.Pa. Nov. 26, 2019) (permitting government in a capital case to use a filter team to review certain pretrial detention records for potentially privileged material).[2] A government filter team would be able to review the records that the defendant is seeking to withhold and address the merits of any constitutional claims and/or legal privileges asserted by the defendant. Without the use of a filter team, the government is simply unable to do so and therefore cannot concede the non-disclosure of any of the withheld documents.

The government is in a position – at least in part – to address the defendant's effort to withhold *all* of his recorded jail calls and *all* of the records from his tablet at LCJ. As detailed

---

[2] A copy of the order in *Bowers* was attached as an exhibit to one of the government's prior submissions in this case. (*See* Docket No. 146-1).

in one of the government's prior submissions, judges in this District have previously held that inmates impliedly consent to the recording of their jail calls when they receive notice from the facility that such calls are subject to monitoring and recording. (*See* Docket No. 146, at 6 (citing *United States v. Simmons*, 2016 WL 285176, at *24-*25 (W.D.N.Y. Mar. 23, 2016))); *see also United States v. Baker*, 2022 WL 1497963, at *2 (W.D.N.Y. May 12, 2022) (Wolford, C.J.) (noting "long-standing case law" holding that, where the jail provides notice that phone calls are monitored, the inmates' use of the phone constitutes implied consent). Here, the government has submitted an affidavit from Chief Deputy Aaron Galvin of the Livingston County Sheriff's Office, who serves as the Superintendent of LCJ, stating that the facility monitors and records all inmate phone calls placed over the hardline telephones, and all inmate phone calls, video visits, and text-based messages placed through tablets, "to ensure the safety, security, and good order of the facility." (Docket No. 166, at ¶ 3). At the beginning of each inmate phone call – whether it's placed over a hardline telephone or a tablet – the inmate receives an automated warning that the call is subject to monitoring and recording. (*Id.* at ¶ 4). In addition, the Inmate Handbook for LCJ notifies each inmate that their tablets are monitored by staff. (*Id.* at ¶ 5). The defendant has had access to the Inmate Handbook since he was admitted to LCJ on February 16, 2023. (*Id.* at ¶ 9).

To date, the defense has not challenged any of the sworn statements in Chief Deputy Galvin's affidavit. Rather, they have indicated only – in conclusory terms – that they are refusing to disclose the defendant's jail calls and tablet records based on the First and Fourth Amendments, attorney work product doctrine, and an unspecified "privilege." Based on the established case law in this District, Chief Deputy Galvin's affidavit is sufficient to defeat any constitutional claim or privilege asserted by the defendant as to the recorded jail calls and

6

records from the defendant's tablet. (*See* Docket No. 146, at 5). The government thus disputes the defense's withholding of *all* the defendant's recorded jail calls and of *all* the records from the defendant's tablet at LCJ.

## **CONCLUSION**

For all the reasons stated above, the Court should require the defendant to identify specific records for which he is asserting a constitutional claim and/or legal privilege and the basis for such constitutional claim and/or legal privilege and permit the government to use a filter team to litigate these issues.

DATED:    August 16, 2024
              Buffalo, New York

| | |
|---|---|
| TRINI E. ROSS<br>United States Attorney<br>Western District of New York | KRISTEN M. CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| BY:  *s/JOSEPH M. TRIPI*<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, New York 14202<br>(716) 843-5839<br>Joseph.Tripi@usdoj.gov | BY:  *s/LAURA B. GILSON*<br>Trial Attorney<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street NE<br>Washington, DC 20530<br>202-598-1141<br>Laura.Gilson2@usdoj.gov |
| BY:  *s/BRETT A. HARVEY*<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of New York<br>100 State Street<br>Rochester, New York 14614<br>(585) 399-3949<br>Brett.Harvey@usdoj.gov | BY:  *s/MICHAEL S. WARBEL*<br>Trial Attorney<br>Criminal Division<br>U.S. Department of Justice<br>1331 F. St. NW, Ste. 623<br>Washington, DC 20004<br>(202) 514-5605<br>Michael.Warbel@usdoj.gov |