IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                  22-CR-109-V

PAYTON GENDRON,

                Defendant.

---

## GOVERNMENT'S MOTION FOR DISCLOSURE OF
## THE DEFENDANT'S PRETRIAL DETENTION RECORDS

The United States of America, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Kristen M. Clarke, Assistant Attorney General, Civil Rights Division, and Joseph M. Tripi and Brett A. Harvey, Assistant United States Attorneys, Laura Gilson, Trial Attorney, Civil Rights Division, and Michael Warbel, Trial Attorney, Capital Case Section, of counsel, respectfully moves for disclosure of the pretrial detention records of the defendant, PAYTON GENDRON.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2022, the defendant moved for a protective order prohibiting the government from accessing his pretrial detention records. (Docket No. 15). After extensive submissions and oral argument,[1] this Court issued a Decision and Order, dated April 29,

---

[1] The government filed a response in opposition to defense's motion to prohibit prosecution access to pretrial detention records (Docket No. 145), the defendant filed a reply (Docket No. 20), the government filed a sur-reply (Docket No. 23), the government filed a supplemental memorandum (Docket No. 140), the defendant filed a reply (Docket No. 144), and the government filed a supplemental reply (Docket No. 146). This Court held oral argument on February 2, 2024. The government will not restate the arguments advanced in its prior submissions but continues to rely on those arguments in moving for disclosure of the defendant's pretrial detention records that remain in dispute and in opposing the defendant's withholding of several categories of such records.

2024, outlining the process for the review and disclosure of pretrial detention records in this case. This Court directed (1) that the Erie County Holding Center (ECHC) and the Livingston County Jail (LCJ) provide the defendant's pretrial detention records to defense counsel for them to review before any records are disclosed to the government; (2) that, after receiving the records from ECHC and LCJ, "defense counsel shall review them and create a log of any records they want to withhold, identifying the applicable privilege or right;" and (3) "[i]f there is any dispute about any of the withheld records, the Court will review the records in camera and will rule on whether a privilege or right applies." (Docket No. 156, at 1-2).

On May 31, 2024, this Court issued orders directing ECHC and LCJ to produce pretrial detention records to the defense no later than June 21, 2024. (Docket Nos. 174 and 175). On July 26, 2024, this Court issued a scheduling order requiring defense counsel to disclose to the government the log of withheld records "along with a brief statement of the reasons" such records are being withheld by August 2, 2024, and the government to file a response "identifying documents to which non-disclosure is conceded and documents to which entitlement to disclosure is disputed with a brief statement of the reasons therefor" by August 16, 2024. (Docket No. 195).

On August 2, 2024, the defense sent a "Pretrial Detention Records Disclosure Log" ("log") to the government. On August 16, 2024, the government filed its Response to the Defendant's Pretrial Detention Records Disclosure Log and. (Docket No. 200). In support of its response, the government filed the defendant's log as Exhibit A. (Docket No. 202).

Without oral argument or response from the defendant, this Court denied the government's request that the Court permit the government to use a filter team to litigate

issues related to the disclosure of the defendant's pretrial detention records and denied without prejudice the government's request that the Court require the defendant to identify specific records for which he is asserting a constitutional claim and/or legal privilege and the basis for such constitutional claim and/or legal privilege. (Docket No. 206). The Court noted that the government "may raise arguments about any additional information it needs or the insufficiency of Gendron's reasons for nondisclosure of the remaining disputed materials" consistent with the Court's July 26, 2024 Scheduling Order. (*Id.*).

## **ARGUMENT**

The government moves for disclosure of all pretrial detention records not protected by a constitutional claim or legal privilege. While the defendant has produced some pretrial detention records, this disclosure was minimal and contained substantial redactions. Moreover, the defendant's purported reasons for such a limited production remain insufficient and unsupported by any legal authority. Accordingly, this Court should order disclosure of the remaining disputed pretrial detention records, or alternatively, conduct an *in camera* review of the disputed records to assess whether constitutional authority or privilege genuinely protects such records from disclosure.

Because the defendant remains in pretrial detention at LCJ, the facility will continue to create and maintain pretrial detention records relating to the defendant in the normal course of business. The current procedure does not account for any additional records being created. Accordingly, the government seeks an order of the Court directing LCJ to disclose any new or additional pretrial detention records relating to the defendant (excluding any medical or legal records) to the defense team every 30 days and the defense team to comply

3

with this Court's April 29, 2024 order regarding disclosure of the new or additional records to the government.

I.  **Defendant's Barebones and Conclusory Log is Insufficient**

On August 2, 2024, the government received the defendant's log. The log outlines the categories that the defense intended to disclose and those that they declined to disclose in a generalized and conclusory fashion. (*See* Docket No. 202). In the log, the defense wholesale refuses to disclose entire categories of pretrial records from ECHC and LCJ. (*Id.*). It is also unclear from the log what time period the records cover. (*Id.*). While the defendant identifies the general grounds for withholding categories of records in the disclosure log, the log provides no specific identification of records. The bald and conclusory assertions of constitutional protection or privilege are insufficient to allow meaningful litigation of the disputed pretrial detention records.

Regarding the LCJ records, the defendant refuses to disclose (1) all commissary records (including commissary activity and deposits) and tablet information (including photographs of contacts, login photographs, depositors, messages, photographs, contacts, video visits, and a list of funds added to the account) under the First and Fourth Amendments; (2) all wave audio files of recorded phone calls under the First Amendment, Fourth Amendment, attorney work product doctrine, and an unspecified privilege; (3) lists of mail and visitors and a list of phone calls under the First Amendment, Fourth Amendment, and attorney work product doctrine; and (4) a spreadsheet of jail visits under the First Amendment and attorney work product doctrine. (*Id.* at 2-4). The defendant disclosed redacted copies of his kiosk requests, Player application extensions and related files, incident reports, incident

4

summaries, schedule (for the period from February 1, 2023, through March 3, 2024), inmate property inventory, and inmate property release, noting that the redactions were based on the First Amendment, Fourth Amendment, medical and/or attorney work product doctrine. (*Id.* at 2-3). Based upon the log,[2] it appears that defense outright refused to disclose 16 of the 31 identified files, and of the 15 files that were disclosed, seven were redacted. (*Id.* at 2-4).

Regarding the ECHC records, the defense refuses to disclose commissary records under the First and Fourth Amendments, and visitor logs under the attorney work product doctrine. (*Id.* at 5.). Based upon the log,[3] it appears that defense outright refused to disclose 2 of the 5 identified files. (*Id.*).

In short, the log lacks the requisite detail to assess the defendant's assertions of constitutional protections and legal privileges. Specifically, the defendant does not identify the specific records he claims are covered by constitutional protection(s) and/or legal privilege(s) or the legal bases for such claims. Absent such information, the government is not able to meaningfully litigate, and this Court is not able to meaningfully adjudicate, the defendant's claims. This Court, therefore, should order the defendant to identify the particular records he claims are protected by a cognizable constitutional claim or legal privilege and the legal bases for such claims.

---

[2] Defense counsel acknowledged that, pursuant to the Court's May 31, 2024, Order, they received "108 pages along with two Excel files, 66 photographs, and 21 audio recordings" from LCJ. (Docket No. 194, at 2). Because the log does not identify the number of pages or file size for the records (*see* Docket No. 202, at 2-5), the volume of LCJ materials withheld by defense is unclear to the government.

[3] Defense counsel acknowledged that, pursuant to the Court's May 31, 2024, Order, they received 73 pages of records from ECHC. (Docket No. 194, at 2). Because the log does not identify the number of pages or file size for the records (*see* Docket No. 202, at 2-5), the volume of ECHC materials withheld by defense is unclear to the government.

## II. The Defendant's Limited Disclosure of Pretrial Detention Records is Unsupported under the Law

On August 7, 2024, defense counsel delivered a thumb drive containing certain ECHC and LCJ records to the government. The disclosed documents include redacted LCJ records specified in the August 2, 2024, log as well as unredacted copies of the instructions for playing recorded phone calls, the defendant's booking card, the defendant's acknowledgment that he received a copy of the LCJ rule book, three screenshots of the defendant's tablet relating to the LCJ's Inmate Handbook, and a video/audio recording of the automated warning that phone calls are subject to monitoring and recording.

The disclosed documents also include unredacted copies of certain ECHC records, including the defendant's booking package, miscellaneous documents (including the defendant's commitment on his state court convictions, several copies of the writs issued for some of his federal court appearances, the federal detainer lodged against the defendant at ECHC, the federal criminal complaint and supporting affidavit (Case No. 22-MJ-124), several securing orders and orders to produce for the defendant's state case, and a document relating to an "initial screening" of the defendant by the Erie County Sheriff's Office on May 14, 2022. Plainly, the defendant's limited disclosure of these records — many of which contained significant redactions — is deficient and unsupported by the law, as explained below.

## III. Because the Log and Disclosure is Insufficient, the Court Should Order the Defendant to Identify the Specific Records for Which He is Asserting a Constitutional Claim or Privilege, Conduct an *In Camera* Review of the Disputed Pretrial Detention Record, and/or Permit the Government to Use a Filter Team for Future Disclosures

Following protracted litigation — during which the government identified clear legal authority permitting government access to pretrial detention records and use of a filter team

6

— the defendant provided a barebones log and limited disclosure. The log makes conclusory references to the First and Fourth Amendments, medical, attorney work product, and attorney client privilege. (*See* Docket No. 202 at 2-5). The defendant did not identify specific records that are purportedly protected from disclosure or the legal authority supporting these claims. Therefore, the government renews its request that the Court require the defendant to identify specific records for which he is asserting a constitutional claim and/or legal privilege, so that meaningful litigation regarding the sufficiency of his disclosure(s) can proceed. (*See* Docket No. 200). Absent a proper log, the government and the Court cannot properly assess whether the asserted grounds for non-disclosure genuinely apply.

Although the Court has denied the government's prior requests to use a filter team, the government respectfully asks the Court to reconsider that decision and modify the procedure to permit the use of a government filter team. As noted in the government's prior submissions, courts in the Second Circuit regularly approve the use of a filter team in similar instances. (*See* Docket No. 146, at 11-12 (citing *United States v. Avenatti*, 559 F. Supp. 3d 274, 282 (S.D.N.Y. 2021) (collecting cases))); *see also United States v. Bowers*, 18-CR-292, Docket No. 141 (W.D.Pa. Nov. 26, 2019) (permitting government in a capital case to use a filter team to review certain pretrial detention records for potentially privileged material).[4] A government filter team would provide for efficient review of the records that the defendant seeks to withhold, enable the government to address the merits of any constitutional claims and/or legal privileges asserted by the defendant, and allow the government to be properly heard. Without the use of a filter team, the government is simply unable to fully litigate these issues.

---

[4] A copy of the order in *Bowers* was attached as an exhibit to one of the government's prior submissions in this case. (*See* Docket No. 146-1).

**IV.    The Defendant's Grounds for Non-Disclosure are Legally Unsound**

Limited constitutional and legal protections apply to the pretrial detention records sought by the government here. (*See* Docket Nos. 145, 23, 140, and 146). The grounds asserted by defense for non-disclosure or redaction of the pretrial detention records are legally unsound. There is, for example, no constitutional protection or privilege shielding detention logs containing notations of the defendant's readily observable behavior, voluntary statements made by a defendant during those observations, commissary transactions, visitation logs documenting non-legal visits and non-legal correspondence, and phone calls from the government. *See United States v. Bowers*, 18-CR-292, Docket No. 141 (W.D.Pa. Nov. 26, 2019) (in a capital case, denying defendant's motion for a protective order for logs containing notations of the defendant's readily observable behavior, voluntary statements made during those observations, commissary transactions, visitation logs documenting non-legal visits, and non-legal correspondence and phone calls). No First or Fourth Amendment authority provides blanket protection to the property in a defendant's inventory from disclosure. Indeed, beyond the bald assertions of privilege, the defendant raises no genuine privacy arguments in his log in response to the previously submitted affidavits from the jail facilities. (*See* Docket No. 156, at 11-12 (inviting the defendant "to raise a privacy argument notwithstanding the representations in the affidavits that the government will submit . . . in connection with his log")).

Based on his log and disclosure, it appears that defendant is withholding *all* of his recorded jail calls and *all* of the records from his tablet at LCJ. Such blanket refusal is unsupported by the law. Courts have regularly held that inmates impliedly consent to the recording of their jail calls when they receive notice from the facility that such calls are subject

to monitoring and recording. (*See* Docket No. 146, at 6 (citing *United States v. Simmons*, 2016 WL 285176, at *24-*25 (W.D.N.Y. Jan. 22, 2016) (Payson, M.J.), r*eport and recommendation adopted,* 2016 WL 1127802, at *2 (W.D.N.Y. Mar. 23, 2016) (Siragusa, J.))); *see also United States v. Baker*, 2022 WL 1497963, at *2 (W.D.N.Y. May 12, 2022) (Wolford, C.J.) (noting "long-standing case law" holding that, where the jail provides notice that phone calls are monitored, the inmates' use of the phone constitutes implied consent).

Moreover, the disclosure of pretrial detention records to the government does not implicate the Fourth Amendment. (*See* Docket No. 140, at 6 (citing *Cisse v. James*, No. 20CV3869LGSRWL, 2021 WL 11442471, at *13 (S.D.N.Y. July 2, 2021), *report & recommendation adopted*, No. 20 CIV. 3869 (LGS), 2022 WL 20032633 (S.D.N.Y. Apr. 12, 2022) ("An individual thus has no right to control the dissemination of recordings once consent is given for their initial creation. Having impliedly consented to the recording of his telephone calls, [the detainee] had no reasonable expectation of privacy in those calls, nor reason to believe that the evidence gained would be inadmissible."); *see also id.* (quoting *Reid v. City of New York*, 2022 WL 2967359, at *18 (S.D.N.Y. July 27, 2022).

Here, the defendant's own disclosure demonstrates that he received notice that his tablet and phone calls are subject to monitoring and recording at LCJ. His disclosure included the warning played, his acknowledgment of receipt of the LCJ Inmate Handbook, dated February 16, 2023, and three screenshots of the defendant's tablet relating to the LCJ's Inmate Handbook. This is consistent with the previously submitted affidavit from Chief Deputy Aaron Galvin of the Livingston County Sheriff's Office, who serves as the Superintendent of LCJ, stating that the facility monitors and records all inmate phone calls placed over the

9

hardline telephones, and all inmate phone calls, video visits, and text-based messages placed through tablets, "to ensure the safety, security, and good order of the facility." (Docket No. 166, at ¶ 3). It is undisputed that at the beginning of each LCJ inmate phone call – whether it's placed over a hardline telephone or a tablet – the inmate receives an automated warning that the call is subject to monitoring and recording. (*Id.* at ¶ 4). Also, the LCJ Inmate Handbook notifies each inmate that their tablets are monitored by staff. (*Id.* at ¶ 5). Because he is clearly on notice that his phone calls and tablet use are subject to monitoring and recording, the defendant has waived and cannot establish any constitutional claim or privilege as to the recorded jail calls and records from his tablet. (*See* Docket No. 146, at 5). Accordingly, this Court should order that *all* of the defendant's jail calls and *all* of the records from his tablet at LCJ be disclosed.

Similarly, the defendant has not established that the First Amendment protects his pretrial detention records from disclosure.[5] "The First Amendment protects against government regulation and suppression of speech on account of its content." *United States v. Caronia*, 703 F.3d 149, 162-63 (2d Cir. 2012). Nothing in this record indicates that ECHC or LCJ has improperly regulated or suppressed the defendant's speech based on its content. Furthermore, "[t]he First Amendment . . . does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993); *see also Dawson v. Delaware*, 503 U.S. 159, 165 (1992) ("[T]he Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and

---

[5] The defendant does not specify what portion of the First Amendment – freedom of speech, the right to peaceably assemble, the right free exercise of religion, freedom of the press, or the establishment clause – he is relying on to withhold his pretrial detention records. For purposes of this motion, the government will assume the defendant is asserting the First Amendment as it relates to his free speech.

associations . . ."). To the extent the defendant's pretrial detention records contain statements that are relevant to the offenses charged in this case, the First Amendment would not preclude the government from using them at trial. Again, the government is not able to address the merits of the defendant's First Amendment claims because we are not privy to the contents of the records or the legal theory upon which such claims are based.

Finally, the defendant appears to improperly invoke the attorney work product and attorney client privileges. A list of mail, visitors and visits, or phone calls cannot be attorney work product simply because the defense declares it to be so. The attorney work product privilege protects materials prepared by or at the request of counsel in anticipation of litigation or trial. (*See* Docket No. 145, at 11 (quoting *In re Grand Jury Subpoena*, 510 F.3d 180, 183 (2d Cir. 2007)); *see also id.* (quoting *United States v. Nobles*, 422 U.S. 225, 238-39 (1975)). Here, the pretrial detention records at issue were plainly prepared by the jail facilities in the ordinary course of business for purposes other than the defendant's litigation or trial. There is also no evidence that the records were prepared at the defense's behest. Therefore, this Court should order that these disputed pretrial detention records be disclosed.

To be clear, the government is not seeking any privileged documents. Indeed, the Court's May 31, 2024 Orders – the terms of which were agreed upon by the parties – explicitly excluded expert and legal records and communications. (Docket Nos. 174 and 175). In addition, the government previously agreed not to seek medical records from either facility. The government is simply seeking pretrial detention records that are routinely available to the government in every other federal criminal case. Because the grounds asserted for non-

disclosure are either inapplicable, insufficient, or unsound, this Court should order disclosure of all remaining disputed pretrial detention records.

## CONCLUSION

For all the reasons stated above, the Court should (1) order the defendant to disclose the disputed pretrial detention records, (2) order the defendant to identify specific records for which he is asserting a constitutional claim and/or legal privilege and the basis for such constitutional claim and/or legal privilege; (3) conduct an *in camera* review of the disputed pretrial detention records to rule on whether such records are protected from disclosure to the government; (4) order LCJ to disclose any new or additional pretrial detention records relating to the defendant (excluding any medical records or legal records) to the defense team every 30 days and the defense team to comply with this Court's April 29, 2024 order regarding disclosure of such new or additional records to the government; and/or (5) permit the government to use a filter team to properly litigate these issues.

DATED:  August 30, 2024
        Buffalo, New York

| | |
|---|---|
| TRINI E. ROSS<br>United States Attorney<br>Western District of New York | KRISTEN M. CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| BY: *s/JOSEPH M. TRIPI*<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, New York 14202<br>(716) 843-5839<br>Joseph.Tripi@usdoj.gov | BY: *s/LAURA B. GILSON*<br>Trial Attorney<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street NE<br>Washington, DC 20530<br>202-598-1141<br>Laura.Gilson2@usdoj.gov |

BY: *s/BRETT A. HARVEY*
    Assistant United States Attorney
    United States Attorney's Office
    Western District of New York
    100 State Street
    Rochester, New York 14614
    (585) 399-3949
    Brett.Harvey@usdoj.gov

BY: *s/MICHAEL S. WARBEL*
    Trial Attorney
    Criminal Division
    U.S. Department of Justice
    1331 F. St. NW, Ste. 623
    Washington, DC 20004
    (202) 514-5605
    Michael.Warbel@usdoj.gov