UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                                                          22-CR-109 (LJV)

PAYTON GENDRON,

            Defendant.
_____

## MOTION TO DISMISS COUNT 27 OF THE INDICTMENT

Payton Gendron, by and through his attorneys, pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution and Fed. R. Crim. P. 7(c), respectfully submits this Motion to Dismiss Count 27 of the Indictment based on defects therein. Because Count 27 fails to include an essential element of the offense charged, namely the identity of the intended victim, it must be dismissed.

**I.    BACKGROUND**

Payton Gendron is charged in a 27-count Indictment related to the killings of 10 people and the wounding of three others at the Tops grocery store in Buffalo on May 14, 2022. ECF No. 6. He is charged under 18 U.S.C. § 249(a)(1)(B)(i) and (ii), the federal hate-crime statute, and 18 U.S.C. § 924(j), the federal firearms statute.

Unlike Counts 1-10 and 21-23, which all identify a specific individual as the target of the offenses alleged, Count 27 contains vague language, stating: "On or about May 14, 2022, in the Western District of New York, the defendant, **PAYTON GENDRON**, through the use of a firearm attempted to cause bodily injury to Black people, other than the victims identified in Counts One through Ten and Twenty-One, in and around the Tops grocery store, located at 1275

Jefferson Avenue, Buffalo, New York 14208, because of their actual and perceived race and color. The offense included an attempt to kill Black people in and around Tops." *Id.* at 7.

## II.  ARGUMENT

The Sixth Amendment guarantee that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation;" the Fifth Amendment guarantees of Due Process and the right to be held to answer for criminal charges only upon an indictment issued by a grand jury; and the Eighth Amendment prohibition of cruel and unusual punishment, impose minimum constitutional requirements for the contents of an indictment. In turn, these requirements are embodied in Rule 7 of the Federal Rules of Criminal Procedure. The constitutional criteria are: (1) that the indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and (2) that it "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also Russell v. United States*, 369 U.S. 749, 763-64 (1962) (same); *United States v. Resendiz-Ponce*, 549 U.S. 102, 107-08 (2007) (same). The Federal Rules implement these constitutional guarantees by requiring that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

If the indictment fails to comply with the "basic principle[] of fundamental fairness" that it adequately inform the defendant "with reasonable certainty, of the nature of the accusation against him," it leaves the prosecution "free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *Russell*, 369 U.S. at 765-66, 768. Accordingly, such an indictment is defective, even if it follows the language of the statute. "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any

2

uncertainty or ambiguity, set forth all of the elements necessary to constitute the offence intended to be punished." *Id.* at 765 (internal quotations omitted).

In particular, the indictment must specify facts that are "at the very core of criminality" under the statute. *Id.* at 764. "Where guilt depends so crucially upon a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id.* At least where an indictment purports to charge a substantive offense requiring a mens rea of intent to cause harm to a particular individual, the identity of the alleged victim of the offense is such a fact. In *United States v. Agone*, 302 F. Supp. 1258, 1260-61 (S.D.N.Y. 1969), the district court dismissed an indictment charging force, violence and threats against an unidentified member of a labor union under 29 U.S.C. § 530 because the identity of victim was "'at the very core of criminality'" under the statute. *Id.* at 1260 (quoting *Russell*). In so doing, the court found that "if the alleged victim might have been one of at least several people . . . there is a fatal departure from the definiteness required in an indictment" if the victim is not specifically identified. *Id.* at 1261; *see also id.* at 1260 ("Where, as is not unlikely under the statutes involved here, the class of possible victims has a substantial membership, an indictment like the one in question becomes excessively and prejudicially uncertain.").

Similarly, in *United States v. Solovey*, No. 04-CR-244, 2005 WL 1279228 (W.D.N.Y. May 31, 2005) *adopted by* No. 04-CR-244, ECF No. 41 (Skretny, D.J., July 29, 2005), Magistrate Judge Schroeder recommended, and District Judge Skretny subsequently granted, dismissal of an indictment charging the defendant with making threats to another with intent to interfere with an official proceeding that failed to identify the individual allegedly threatened. The Court noted that "[t]he nature of each offense charged requires the existence of a victim in

3

order for a crime to have been committed." *Id* at *2. Relying, inter alia, on *Russell*, *Agone*, and *United States v. Rizzo*, 373 F. Supp. 204 (S.D.N.Y. 1973), the Court found that the identity of the victim of the offense was thus "at the very core of criminality," and "an essential fact necessary to support the charges," whose omission rendered the indictment "defective as a matter of law." *Id.* (internal quotations omitted). *See also United States v. Cain*, No. 05-CR-360, 2007 WL 9782861, at **2-6 (W.D.N.Y. July 10, 2007) (finding indictment charging interference with interstate commerce by extortion that identified different victim of extortion insufficiently similar to superseding indictment; "since the forced consent of the victim is an essential element of the federal crime of extortion, it is axiomatic that the identity of the victim is also an essential element to be established in proving extortion" under statute that must be specified in indictment) (internal quotations omitted).

Count 27 of the Indictment in this case fails to comply with this constitutional mandate. This count is entitled "Hate Crime Act Involving an Attempt to Kill" and it purports to allege a violation of 18 U.S.C. § 249(a)(1)(B)(ii), which states, in relevant part: "Whoever . . . willfully . . . through the use of . . . a firearm . . . attempts to cause bodily injury to any person, because of the actual or perceived race . . . of any person . . . shall be imprisoned for any term of years or for life . . . if . . . the offense includes . . . an attempt to kill." Plainly, this statutory provision criminalizes the act of causing or attempting to cause bodily injury to any "person," not "people." *Id.*

Count 27 thus attempts to charge a substantive offense that requires the mens rea of specific intent to cause bodily injury to a particular person. *See* Leonard B. Sands et al., *1 Modern Federal Jury Instructions – Criminal*, ¶ 17-39 (2024) ("In order to find a defendant guilty of committing a hate crime, the government must prove beyond a reasonable doubt each of

4

the following elements: . . . that the defendant . . . attempted to cause bodily injury to [*name of victim*] . . . and . . . that the defendant acted knowingly and willfully") (emphasis added); *id.* at ¶ 17-42 ("To satisfy [the element of willfulness], the government must prove that the defendant acted voluntarily and purposely with the intent to cause bodily injury to [*name of victim*]") (emphasis added). The government elsewhere appears to concede as much. *See* ECF No. 201 at 15 ("Section 249(a)(1)'s bodily-injury element thus requires the government to show that the defendant willfully caused bodily injury to another person—"the victim.""). Just as in *Solovey*, then, "[t]he nature of [the] offense charged requires the existence of a victim in order for a crime to have been committed" and that victim must be identified in the indictment.  2005 WL 1279228 at *2

Instead of identifying an alleged victim in Count 27, however, the Indictment here alleges that Payton Gendron used a firearm to attempt to cause bodily injury to unnamed "Black people . . . in and around the Tops grocery store." ECF No. 6 at 7.[1] By its use of the plural, the count is clearly written to encompass attempts to injure more than one person. And, indeed, the government concedes there is no identifiable victim of this count. In its Bill of Particulars, the government states that its evidence shows Payton Gendron was attempting to injure "any Black person he could find in and around Tops" — and alleges that approximately 69 individuals were in and around Tops — and that he "did not have particular Black people in mind to [attempt to] injure." ECF No. 209 at 6. While undoubtedly a violation of other criminal laws, such conduct fails to constitute a crime under § 249(a)(1)(B).

---

[1] Were it to allege attempts to injure multiple, *identified* victims, the count would fail for impermissible duplicity. *See, e.g., United States v. Aracri*, 968 F2d 1512, 1518 (2d Cir. 1992) ("An indictment is duplicitous if it joins two or more distinct crimes in a single count."); Fed. R. Crim. P. 8(a) (requiring separate counts for each offense charged in indictment).

Whether characterized as a lack of required specificity, as in Fed. R. Crim. P. 12(b)(3)(B)(iii), or as the failure to state an offense, as in Fed. R. Crim. P. 12(b)(3)(B)(v), *see United States v. Gil*, 313 F. Supp. 3d 441, 445-46 (W.D.N.Y. 2018) ("[I]t is difficult to conceptualize how an indictment might lack the required specificity but still adequately allege an offense"), the defect in Count 27 is that it unconstitutionally fails to "contain[] the elements of the offense charged" and to "fairly inform[]" Payton Gendron "of the charge against which he must defend," or to ensure that he could effectively "plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117. Any attempt to present a defense to this count, e.g., by proving that certain individuals were never in Payton Gendron's field of vision and thus he could not have specifically intended to injure them, could be defeated by simply shifting the identity of the intended target. Equally, a conviction on such a count would prove an ineffectual bar to a subsequent prosecution for the same conduct because the government could later claim the new charge relates to a victim not included in the original count. Count 27 of the Indictment must therefore be dismissed.

WHEREFORE, for the foregoing reasons, Defendant, Payton Gendron, respectfully requests that this Motion be granted and that Count 27 be dismissed and stricken from the Indictment.

Dated: November 4, 2024
       Buffalo, New York

*s/Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender

*s/MaryBeth Covert*
MaryBeth Covert
Senior Litigator

>*s/Julie Brain*
>Julie Brain
>Attorney at Law
>
>*s/Monica Foster*
>Monica Foster
>Indiana Federal Community Defenders, Inc.
>
>*s/Anne M. Burger*
>Anne M. Burger
>Supervisory Assistant Federal Public Defender