UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA,

    v.                                                     22-CR-109 (LJV)

PAYTON GENDRON,                            Redacted Version of ECF No. 403

              Defendant.

———————————————————

## MOTION TO SUPPRESS EVIDENCE SEIZED FROM DISCORD ACCOUNT

Payton Gendron, by and through his attorneys, pursuant to the Fourth Amendment to the

United States Constitution and Fed. R. Crim. P. 41, respectfully submits this Motion to Suppress

Evidence Seized from Discord Account. Payton Gendron moves to suppress all evidence seized

from the Discord account ███████████████████████████████████████

███████████████████████ First, to the extent the warrant established probable cause to

believe that evidence of the crimes under investigation would be found in Payton Gendron's

Discord account, the warrant was overbroad in what it authorized law enforcement to search and

seize. Indeed, the Discord warrant authorized an unconstrained rummaging through the entire

contents of his Discord account from January 1, 2020. Second, the warrant violated the Fourth

Amendment's particularity requirement by failing to adequately specify the offense for which the

issuing magistrate judge found probable cause and failing to specify the items to be seized by

their relation to the designated crimes. Third, law enforcement's execution of the warrant

violated Payton Gendron's Fourth Amendment rights because the information seized exceeded

the scope of the warrant. Specifically, after review of the contents was complete, law

enforcement scoped additional content from the return without getting an additional warrant. SA

Dlugokinski completed his review of the return on May 31, 2022, but later, on or about August 19, 2022, additional records were extracted from the Discord search warrant returns. Any evidence seized during this extraction must be suppressed as outside the scope of the initial warrant.

Moreover, the government appears to have retained the entire Discord Warrant return, which included records it admits went beyond the scope of the warrant ██████████████

████████████████████████████████████

█████████████████████████████████

██████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

█████████████████████████████

**Factual Background**

██████████████████████████████████

████████████████████████████████

██████  ██████████████████████████

───────────────────

[1] ████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████















**Argument**

I.    **Evidence Seized From Payton Gendron's Discord Account Must be Suppressed Because the Warrant Was Unconstitutionally Overbroad**

Even acknowledging the warrant was based on probable cause to search some aspect of Payton Gendron's Discord account, the application failed to justify issuance of a warrant authorizing law enforcement to rummage through every scrap of information relating to the account that Discord maintained. And yet, that was precisely the effect of the Warrant that was ultimately issued. The warrant was therefore unconstitutionally overbroad. The determination of overbreadth requires a focus on "'whether there exists probable cause to support the breadth of the search authorized.'" *United States v. Zemlyansky*, 945 F. Supp. 2d 438, 464 (S.D.N.Y. 2013) (quoting *United States v. Hernandez*, No. 09 CR 625(HB), 2010 WL 26544, at *8 (Jan. 6, 2010)).

A warrant must not authorize law enforcement to search or seize evidence that is outside the scope of the probable cause that the warrant application establishes. In *Galpin* the Second Circuit explained that a warrant can be overbroad where the "description of the objects to be seized . . . is broader than can be justified by the probable cause upon which the warrant is based." *Galpin*, 720 F.3d at 446 (quotations omitted). Similarly, "an unparticularized description of the items subject to search under a warrant may result in the warrant exceeding the scope of established probable cause." *Garcia*, 2023 WL 4850553, at *4 (quoting *United States v. Conley*, 342 F. Supp. 3d 247, 271 (D. Conn. 2018)). "In other words, a warrant is overbroad if the description of items to be searched or seized is broader than the limits imposed by the probable cause justifying the warrant." *Id.* (quoting *Conley*, 342 F. Supp. 3d at 271).

**A.** **The Warrant Was Overbroad With Respect to the Data That Could Be Searched**



The warrant is therefore grossly overbroad.

*See United States v. Winn*, 79 F. Supp. 3d 904, 920 (S.D. Ill. 2015) ("The bottom line is that if the applying officer wants to seize every type of data from the cell phone, then it was incumbent upon him to explain in the complaint how any why each type of data was connected to Defendant's criminal activity, and he did not do so") (quoted in *Wey*, 256 F. Supp. 3d at 392). There was no reason why the warrant could not have been limited to only those categories for which probable cause to search had been established, if any there were, and for Discord to have limited its disclosure to those categories. Instead, however, the government demanded, and received, every record in Discord's possession.

**B.  The Warrant Was Facially Invalid Because it was Overbroad With Respect to the Data That Could Be Seized**

The information seized from Payton Gendron's Discord account must be suppressed because the warrant authorized the seizure of vast amounts of data for which no probable cause had been established. While the warrant application may have established probable cause to believe that the shooting at the Tops Market on May 14, 2022, had been committed and Payton Gendron committed it, the warrant itself authorized the seizure of data wholly unconnected to that crime for which no probable cause had been shown; it was therefore unconstitutionally overbroad.

 As drafted, however, it was fatally overbroad.

## II.    The Warrant Was Facially Invalid Because it was Insufficiently Particular Regarding the Data That Could Be Seized

The information seized from Payton Gendron's Discord account also must be suppressed because the warrant lacked the constitutionally required particularity with respect to the data that could be seized. "To satisfy the Fourth Amendment's particularity requirement, a warrant must: (1) 'identify the specific offense for which the police have established probable cause;' (2) 'describe the place to be searched;' and (3) 'specify the items to be seized by their relation to designated crimes.'" *United States v. Motovich*, 21-CR-497-WFK, 2024 WL 2943960, at *9 (E.D.N.Y. 2024) (quoting *Galpin*, 720 F.3d. at 445-46).

The warrant must be "'sufficiently specific to permit the rational exercise of judgment by the executing officers in selecting what items to seize.'" *United States v. Shi Yan Liu*, 239 F.3d 138, 140 (2d Cir. 2000) (quoting *United States v. LaChance*, 788 F.2d 856, 874 (2d Cir. 1986) (alteration omitted)). It must provide a basis upon which to distinguish items that are evidence of the crime under investigation from those that have no connection to it.  *See Zemlyansky,* 945 F. Supp. 2d at 457 (citing *Wheeler v. City of Lansing*, 660 F.3d 931, 941 (6th Cir. 2011) (in the context of a search of a house for stolen goods, categories in  warrant are overbroad where they "provid[e] no basis to distinguish the stolen items from [the defendant's] own personal property") and *United States v. Hernandez*, No. 09 Cr. 625, 2010 WL 26544, at *10 (S.D.N.Y. Jan. 6, 2010) (the categories of items to be seized from a business lack particularity where they "could have encompassed most all of the business records on the premises")).

"Mere reference to 'evidence' of a violation of broad criminal statute or general criminal activity provides no readily ascertainable guidelines for the executing officers as to what items to seize." *United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992) (citing *United States v. Maxwell*, 920 F.2d 1028, 1033 (D.C. Cir. 1990) (holding that warrant authorizing seizure of business records and equipment "evidencing a scheme, artifice or devise of transactions in interstate or foreign commerce," which are "fruits, instrumentalities and evidence of crimes against the United States of America, that is fraud by wire in violation of Title 18, United States Code, Section 1343" insufficiently particular as "[r]eferences to broad statutes realistically constitute no limitation at all on the scope of an otherwise overbroad warrant and therefore cannot save it") and *United States v. Holzman*, 871 F.2d 1496, 1509-10 (9th Cir. 1989) (holding that warrant for "any property or devices used or obtained through fraud operations" is "epitome of a general warrant" because it failed to limit the search to items readily identified with a particular

transaction")); *see also United States v. Spilotro,* 800 F.2d 959, 964 (9th Cir. 1986) (holding

warrants lacked sufficient particularity where, *inter alia*, they failed to "at the very least, . . .

describe[e] the criminal activities themselves rather than simply referring to the statute believed

to have been violated," and instead "authorize[d] wholesale seizures of entire categories of items

not generally evidence of criminal activity, and provide[d] no guidelines to distinguish items

used lawfully from those the government had probable cause to seize"); *United States v. Sayles*,

No. 19-CR-186, 2021 WL 3195016, at *9 (W.D.N.Y. May 6, 2021) *adopted by* 2021 WL

3191886 (W.D.N.Y. July 28, 2021) (finding warrant insufficiently particular where it authorized

search for evidence of a shooting at specified date, time and location but failed to set forth items

to be searched for and seized").

      Overall, the Fourth Amendment requires the officer drafting the warrant to be as specific

as possible. "A failure to describe the items to be seized with as much particularity as the

circumstances reasonably allow offends the Fourth Amendment because there is no assurance

that the permitted invasion of a suspect's privacy and property are no more than absolutely

necessary." *George*, 975 F.2d at 76. If the affidavit in support of the warrant is expressly

incorporated, its contents may be considered in assessing particularity; where, as here, it is not,

the warrant must stand alone.

      The Discord warrant in this case satisfies none of the particularity requirements. While it

cites to broad criminal statutes that it alleges have been violated, the application it is based on

established probable cause (except for the required nexus to the account) for only one specific

criminal incident, namely the shooting at the Tops Market on May 14, 2022. While it describes

the data that Discord must produce for law enforcement to search, it does so in the most

expansive possible terms. And the warrant fails to adequately specify the items to be seized by

their relation to the designated crimes, instead using language so vague as to in effect authorize

an unfettered, general search of the entire account.



In short, the warrant was so vague on the subject

of what could be seized that it was effectively an unconstitutional general warrant.

III.    **The Execution of the Warrant Violated the Fourth Amendment in Multiple Respects**

"'The touchstone of the Fourth Amendment is reasonableness,' and 'the reasonableness of government conduct in executing a valid warrant, can present Fourth Amendment issues.' Therefore, '[t]he manner in which a warrant is executed is subject to later judicial review as to its reasonableness.'" *United States v. Oztemel*, No. 3:23-CR-00026 (KAD), 2024 WL 3090251, at *8 (D. Conn. June 21, 2024) (quoting *United States v. Ganias*, 824 F.3d 199, 209-10 (2d Cir. 2016) (en banc)).

Once the government has seized a "trove of electronic information, 'the Fourth Amendment requires the government to complete its review, *i.e.*, execute the warrant, within a 'reasonable' period of time.'" *Id.* at *9 (quoting *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012)). Moreover, once the government has completed its search of the digital evidence as authorized by the warrant, the government may not "return to the proverbial well months or years after the relevant [w]arrant has expired to make another sweep for relevant evidence, armed with newly refined search criteria and novel case theories." *Wey*, 256 F. Supp. 3d at 406. That is precisely what occurred here. ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████. Payton Gendron respectfully requests an evidentiary hearing to establish those facts. It appears as though the government has committed at least three Fourth Amendment violations in its execution of the Discord Warrant. First, the government appears to have "seized" information that exceeds the scope of what the warrant authorizes the government to seize in its initial seizure. ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

Second, the subsequent August seizure was conducted without a warrant, and after the initial May warrant had expired. After its initial responsiveness review was complete, the government undertook a subsequent review in August 2022 without seeking a warrant. To the extent the government intends to rely on evidence not seized by law enforcement in the original review, that evidence must be suppressed as beyond the scope of the investigation, and/or obtained in the absence of a warrant authorizes a further search of the data.  Third, and relatedly, the government has retained the entire Discord warrant return—including information that the government itself deemed outside the scope of the warrant during its initial review. At some point after SA Dlugokinski conducted his responsiveness review, the entire warrant return was provided to the U.S. Attorney's Office. And the entire warrant return was ultimately produced in discovery in this case.

### A.  The Information Law Enforcement Deemed Relevant Exceeded the Scope of What the Warrant Allowed Law Enforcement to Seize.

Law enforcement unconstitutionally seized large quantities of data from the Discord return that were outside of the scope of the seizure authorized by the warrant. "A search must be confined to the terms and limitations of the warrant authorizing it." *United States v. Matias*, 836 F.2d 744, 747 (2d Cir. 1988). "[W]hen items outside the scope of a valid warrant are seized, the normal remedy is suppression and return of those items." *Id.* When the officers executing the warrant act "in flagrant disregard of the warrant's terms," however, the appropriate remedy is "suppression of *all* evidence seized" pursuant to that warrant. *Id.* (emphasis in original). "Executing agents are considered to have 'flagrantly disregarded' the warrant's terms where '(1) they effect a widespread seizure of items that were not within the scope of the warrant and (2) do

not act in good faith.'" *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 309 (S.D.N.Y. 2018)

(quoting *Shi Yan Liu*, 239 F.3d at 140).

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████

     Thus, the government's responsiveness review seized evidence that went beyond the

categories of materials that the Discord Warrant authorized the government to seize.

       **B.**  **The August Review of the Discord Return Where Law Enforcement Seized Additional Materials that It Determined Were Non-Responsive During Its Initial Review Was in Violation of the Fourth Amendment.**

     Once the government completes a search of digital evidence that it collected pursuant to a

warrant, the government may not re-search the materials that it determined were outside the

scope of what the warrant authorized the government to seize. In other words, it may not "return

to the proverbial well months or years after the relevant [w]arrant has expired to make another

sweep for relevant evidence, armed with newly refined search criteria and novel case theories."

*Wey*, 256 F. Supp. 3d at 406; *see also United States v. Sun*, No. 24-cr-346 (BMC), 2025 WL

1220040, at *3-5 (E.D.N.Y. Apr. 28, 2025) (collecting cases). Rather, if the government wants to

conduct a subsequent search through materials it previously determined were outside the scope

of a warrant, it must obtain a new warrant. *See Ganias*, 824 F.3d 199.

That is not what happened here. The August seizure was done without a warrant.

Similarly, at some point after SA Dlugokinski's review, the Discord warrant return was provided to the U.S. Attorney's Office. It remains unclear whether, when, and how the government accessed, used, or searched the full return after the original search. At a minimum, though, the government accessed the non-responsive material in order to produce it to the defense in this case.

Minimally, this Court should suppress any materials that SA Dlugokinski determined were outside the scope of the warrant during his initial responsiveness review. *Sun*, 2025 WL 1220040, at *6.

WHEREFORE, for the foregoing reasons, Defendant, Payton Gendron, respectfully requests that this Motion be granted and that all information recovered from his Discord account and all fruits thereof be suppressed.

Dated: June 27, 2025
       Buffalo, New York

*s/Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender

*s/MaryBeth Covert*
MaryBeth Covert
Senior Litigator

*s/Julie Brain*
Julie Brain
Attorney at Law
