UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

PAYTON GENDRON,

        Defendant.

_____

22-CR-109 (LJV)

Redacted Version of ECF No. 405

## MOTION TO SUPPRESS EVIDENCE SEIZED FROM ██████████████████████████████████

Payton Gendron, by and through his attorneys, pursuant to the Fourth Amendment to the United States Constitution and Fed. R. Crim. P. 41, respectfully submits this Motion to Suppress Evidence Seized from ██████████████████████████. Payton Gendron moves to suppress the evidence—and all derivative fruits of that evidence—seized from his residence █ ██████████████████████████████████████████ ████████████████████████████████, that authorized the search and seizure of evidence of the shooting at the Tops Market at 1275 Jefferson Avenue, Buffalo, New York, on May 14, 2022. The evidence should be suppressed because the warrant that purported to authorize law enforcement to search for and seize it was unconstitutionally overbroad. Additionally, the execution of the warrant violated the Fourth Amendment because the executing officers seized items that were outside of the scope of the warrant.

## Factual Background

Payton Gendron is charged in a 27-count Indictment related to the killings of 10 people and the wounding of three others at the Tops grocery store in Buffalo on May 14, 2022. ECF No. 6. He is charged under 18 U.S.C. § 249(a)(1)(B)(i) and (ii), the federal hate-crime statute, and 18

U.S.C. §§ 924(c) and (j), the federal firearms statute. He was arrested at the scene at Tops

Market and taken into custody immediately after the shooting.













This wholesale disregard of the limitations upon seizure contained within the warrant requires that all evidence be suppressed.

## Argument

### I. The Search Warrant ██████████████ was Overbroad

Although the warrant application was sufficient to establish probable cause to search an appropriately limited search of Payton Gendron's residence for evidence related to the shooting at the Tops Market on May 14, 2022, it manifestly failed to justify issuance of a warrant purporting to authorize law enforcement to rummage through the house from top to bottom and to seize items that had no conceivable relevance to the crime. And yet, that was precisely the effect of the warrant that was ultimately issued. The warrant was therefore unconstitutionally overbroad.

The determination of overbreadth requires a focus on "'whether there exists probable cause to support the breadth of the search authorized.'" *United States v. Zemlyansky*, 945 F. Supp. 2d 438, 464 (S.D.N.Y. 2013) (quoting *United States v. Hernandez*, No. 09 CR 625(HB), 2010 WL 26544, at *8 (Jan. 6, 2010)). A warrant must not authorize law enforcement to search or seize evidence that is outside the scope of the probable cause that the warrant application establishes. In *Galpin* the Second Circuit explained that a warrant can be overbroad where the "description of the objects to be seized . . . is broader than can be justified by the probable cause upon which the warrant is based." *Galpin*, 720 F.3d at 446 (quotations omitted). Similarly, "an

unparticularized description of the items subject to search under a warrant may result in the

warrant exceeding the scope of established probable cause." *Garcia*, 2023 WL 4850553, at *4

(quoting *United States v. Conley*, 342 F. Supp. 3d 247, 271 (D. Conn. 2018)). "In other words, a

warrant is overbroad if the description of items to be searched or seized is broader than the limits

imposed by the probable cause justifying the warrant." *Id.* (quoting *Conley*, 342 F. Supp. 3d at

271).

8

█████████████████████████████████████████████████

█████████████████████████████████████████████████

*See Zemlyansky,* 945 F. Supp. 2d at 457 (citing *Wheeler v. City of Lansing*, 660 F.3d 931, 941

(6th Cir. 2011) (in the context of a search of a house for stolen goods, categories in  warrant are

overbroad where they "provid[e] no basis to distinguish the stolen items from [the defendant's]

own personal property") and *United States v. Hernandez*, No. 09 Cr. 625, 2010 WL 26544, at

*10 (S.D.N.Y. Jan. 6, 2010) (the categories of items to be seized from a business lack

particularity where they "could have encompassed most all of the business records on the

premises")).

No probable cause was established by the warrant application to seize anything unrelated

to the shooting at the Tops Market on May 14, 2022. █████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████ As drafted,

however, the warrant was fatally overbroad.

## II.  The Execution of the Warrant Violated the Fourth Amendment.

The manner in which law enforcement executed the warrant violated the Fourth

Amendment, because the executing officers seized large numbers of items that were plainly

outside of the scope authorized by the warrant. "A search must be confined to the terms and

limitations of the warrant authorizing it." *United States v. Matias*, 836 F.2d 744, 747 (2d Cir.

1988). "[W]hen items outside the scope of a valid warrant are seized, the normal remedy is

suppression and return of those items." *Id.* When the officers executing the warrant act "in

flagrant disregard of the warrant's terms," however, the appropriate remedy is "suppression of *all* evidence seized" pursuant to that warrant. *Id.* (emphasis in original). "Executing agents are considered to have 'flagrantly disregarded' the warrant's terms where '(1) they effect a widespread seizure of items that were not within the scope of the warrant and (2) do not act in good faith.'" *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 309 (S.D.N.Y. 2018) (quoting *United States v. Shi Yan Liu*, 239 F.3d 138, 140 (2d Cir. 2000)).

██████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

████████████████████████  ██████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

█████

████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████  Such utter disregard for the

scope of the warrant and the seizures that it authorized requires that all evidence seized pursuant

thereto, and all fruits thereof, be suppressed.

## CONCLUSION

Payton Gendron respectfully requests that this Court grant an order of suppression of all

fruits of the warrant issued for the search ▮▮▮▮▮▮▮ on the grounds alleged herein and

any other grounds that may become apparent upon a hearing on the Motion.

Dated:          June 27, 2025
                Buffalo, New York

                                        *s/Sonya A. Zoghlin*
                                        Sonya A. Zoghlin
                                        Assistant Federal Public Defender

                                        *s/MaryBeth Covert*
                                        MaryBeth Covert
                                        Senior Litigator

                                        *s/Julie Brain*
                                        Julie Brain
                                        Julie Brain, Attorney at Law