IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.

                                        22-CR-109-V

PAYTON GENDRON,

                Defendant.

---

### GOVERNMENT'S MOTION TO MODIFY PROTECTIVE ORDER

The United States of America, by and through its undersigned attorneys, respectfully moves to modify paragraph 10 of the Protective Order. Paragraph 10 provides that, "[a]ny discovery materials that" the parties" "file[] with a court in connection with pre-trial motions, trial, or other matters, shall be filed under seal and shall remain sealed until otherwise ordered by the Court." Docket No. 27 at 3. Practice has shown that paragraph 10 requires the redaction of large volumes of information without regard for whether that information is, in fact, sensitive or whether the redactions are narrowly tailored. Many of the redactions are unsupported by the First Amendment and have shielded parts of this case, including matters that are available elsewhere in the public domain, from public view. For the reasons stated below, the Court should therefore amend paragraph 10.

### BACKGROUND

Several months after the defendant was indicted, Magistrate Judge Schroeder granted the government's unopposed motion for a protective order governing discovery. *See* Docket No. 25 (motion); Docket No. 27 (order). Paragraph 10 of that order states as follows:

1

Any discovery materials that the United States, the state prosecution team, or the defense team files with a court in connection with pre-trial motions, trial, or other matters, shall be filed under seal and shall remain sealed until otherwise ordered by the Court.

In support of its motion, the government observed that the discovery "includes sensitive, graphic, and private material," including "personally identifiable information . . . . video recordings of the crime, crime scheme photographs, the defendant's social media content and writings, grand jury materials (including transcript of grand jury testimony and records obtained through grand jury subpoenas), and other law enforcement sensitive materials." Docket No. 25 at 2.

Since this case was charged in 2022, the partes' filings have occasionally required redactions. *See, e.g.*, Docket No. 235 (defendant's motion to dismiss); Docket No. 240 (report on operation of jury selection). But as litigation has recently begun to focus on case-specific, fact-based issues—such as the defendant's motion to strike aggravating factors and his suppression motions—in practice, paragraph 10 of the Protective Order has hidden large swaths of information from public view. These redactions have affected the public's ability to follow and understand what is happening in a case that is very important to the public. *See, e.g.*, Patrick LaKamp, Buffalo News, *Gunman in racist Tops mass shooting wants 'diverse jury'; judge calls that 'a little incongruous,'* https://buffalonews.com/news/local/crime-courts/article_78cc3819-c7b7-4215-994b-aab914822f8c.html, Aug. 14, 2025 (noting that "more than 100 documents . . . have been sealed").

**ARGUMENT**

"The presumption of access to judicial documents is based on the need for federal courts to have a measure of accountability and for the public to have confidence in the

administration of justice." *United States v. Erie County, N.Y.*, 763 F.3d 235, 240 (2d Cir. 2014) (quotation and editorial marks omitted).[1] This presumption reflects the "long recognized"—and "capacious"—"general right to inspect and copy public records and documents, including judicial records and documents in part because the public has an interest in keeping a watchful eye on the workings of public agencies." *Id.* at 241 (quotation marks omitted).

These principles are particularly acute in criminal cases. After all, "it would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980). To that end, the Supreme Court has recognized, based on centuries of practice, that "openness in criminal trials . . . enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enterprise Co. v. Sup. Ct. of Cal.*, 478 U.S. 9, 13-14 (1986)). The Second Circuit has likewise concluded "that a qualified First Amendment right of access extends" to "written documents filed in connection with pretrial motions.'" *See In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987) (reaching this conclusion in case involving sealed motions to suppress and preclude wiretap evidence).

At the same time, "documents may be sealed if 'specific, on the record finding are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 116 (citing *Press-Enterprise Co.*, 478 U.S. at 13-14 (additional quotation marks omitted). Such "higher values" include, among other things, "law

---

[1] The phrase "judicial documents" is a term of art that asks whether a particular document is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation marks omitted). Most (though not all) of the documents that have been filed in this case are "judicial documents" because they ask the Court to take, or not to take, particular actions, such as suppressing evidence or introducing evidence at trial.

3

enforcement techniques and procedures; the protection of the confidentiality of sources; the safety of witnesses and police officers; the privacy interest of those involved in an investigation, including victims, witnesses, and potential targets," *United States v. Strevell*, No. 05-CR-477 (GLS), 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009) (collecting cases for these and other "higher values"); "defendants' fair trial rights" and privacy interests, *id.* at 116; "the privacy interests of third persons," *id.*; national security, *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008); and the "integrity of significant government activities entitled to confidentiality, such as ongoing undercover investigations," *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (quotation marks omitted).

Paragraph 10 of the Protective Order is incompatible with these principles. Although it was drafted, agreed to, and entered with the best of intentions, practice has shown that paragraph 10 requires the blanket redaction of large swaths of information without regard for whether the redactions promote "higher values," whether the redactions are narrowly tailored, or whether the redacted information is publicly-available elsewhere. Paragraph 10, in other words, imposes a one-size-fits-all approach to redactions. In doing so, it operates as a "[b]road and general" justification for sealing. *New York Times*, 828 F.2d at 116. The First Amendment requires a far more nuanced approach.

The docket in this case contains numerous examples of paragraph 10's overbreadth. To take one, the defendant's suppression motions (and the government's response to those motions) extensively quote search warrants issued by Magistrate Judge Schroeder, as well as FBI Special Agent (SA) Dlugokinski's affidavits in support of those warrants. At this juncture—more than three years after the defendant's attack—there is little, if anything, in Judge Schroeder's warrants or SA Dlugokinski's affidavits that implicate a "higher value."

The warrants do not discuss sensitive investigative techniques; they largely do not identify witnesses; and, with few exceptions, they do not contain personally-identifying information.[2] To the contrary, the warrants and supporting affidavits are little different from search warrants that are routinely (and publicly) litigated in this and other Districts around the country.

Yet the Protective Order requires the parties to seal any quotation from these documents. This is true even though the defendant's suppression motions argue that the warrants and affidavits violated the Fourth Amendment. Indeed, some redacted documents filed in connection with the defendant's suppression motions contain pages and pages of nothing but black boxes. *See, e.g.*, Docket No. 391 at 5-7; 10-14. A review of the redacted text, *see* Docket No. 378, shows nothing that serves one of the "higher values" identified in First Amendment case law. In one of the country's most high-profile criminal cases, pages of redactions do nothing to inspire "confidence in the administration of justice." *Erie County,* 763 F.3d at 240.

The Protective Order has likewise required substantial redaction of information about the defendant's crimes that has been within the public domain for years. The first document filed in this case was SA Dlugokinski's criminal complaint, which discusses, in detail, the defendant's attack; the fact that the defendant wrote racial slurs and the names of other racist mass shooters on his rifle; the defendant's "self-described manifesto," with a page of quotations from the manifesto; the defendant's "'goodbye letter' to his family"; and evidence of the defendant's pre-attack planning. *See generally* Docket No. 1. This information has been publicly available since the complaint was filed in June 2022. But the Protective Order

---

[2] Some of the warrants and affidavits identify, for example, the defendant's social media accounts; his address; and the names of third-party witnesses whom the government interviewed during the course of its investigation. As a general matter, such information is properly sealed.

requires the parties to redact that same information in their filings for no reason other than that it can be found in discovery. This is incompatible with the First Amendment.

The government therefore requests that the Court modify paragraph 10 to read as follows: "Any discovery materials that the United States or the defense team files with a court in connection with pre-trial motions, trial, or other matters, which identifies witness or victims, or which contains personally-identifying information about any person, shall be filed under seal and shall remain redacted under otherwise ordered by the Court. The parties may move the Court to file additional information under seal when there is a legal basis to do so."[3] Consistent with case law, this proposal requires the parties' filings to be as public as possible, and it requires the parties to justify additional redactions so that the Court may make "specific, on the record finding[s]" that the redactions are "essential to preserve higher values and [are] narrowly tailored to serve that interest." *Press-Enterprise Co.*, 478 U.S. at 13-14.

---

[3] Before filing this motion, the government sent defense counsel a proposed modification that was substantially similar to this proposal, with the exception of references to personally-identifying information. Defense counsel informed the government that they do not see a current need to modify the Protective Order.

## CONCLUSION

For all the reasons stated above, the Court should modify paragraph 10 of the

Protective Order.

DATED:     August 18, 2025
           Buffalo, New York

MICHAEL DIGIACOMO                          HARMEET K. DHILLON
United States Attorney                     Assistant Attorney General
Western District of New York               Civil Rights Division

BY:   *s/JOSEPH M. TRIPI*          BY:   */s/ SANJAY PATEL*
      *s/ BRETT A. HARVEY*               Trial Attorney
      *s/ CAITLIN M. HIGGINS*            Civil Rights Division
      *s/ MAEVE E. HUGGINS*              U.S. Department of Justice
      *s/ CHARLES M. KRULY*              150 M Street NE
      Assistant United States Attorney   Washington, DC 20530
      United States Attorney's Office     (202) 598-9627
      Western District of New York       Sanjay.Patel@usdoj.gov
      138 Delaware Avenue
      Buffalo, New York 14202
      (716) 843-5839
      Joseph.Tripi@usdoj.gov

BY:   *s/MICHAEL S. WARBEL*
      Trial Attorney
      Criminal Division
      U.S. Department of Justice
      1331 F. St. NW, Ste. 623
      Washington, DC 20004
      (202) 514-5605
      Michael.Warbel@usdoj.gov