UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                    22-CR-109 (LJV-HKS)

PAYTON GENDRON,

            Defendant.
_____

### CITATION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNTS 11-20 OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE UNDER 18 U.S.C. § 924(c)

Defendant Payton Gendron, through undersigned counsel, submits this Citation of Supplemental Authority to call this Court's attention to *United States v. Juvenile B*, ___ F.4th ___, 2025 WL 2301379 (8th Cir. Aug. 8, 2025), which supports the defense's Motion to Dismiss Counts 11–20 for failure to state an offense under 18 U.S.C. § 924(c) (ECF No. 180). Specifically, *Juvenile B* supports the defense's argument that 18 U.S.C. § 249(a)(1)(B)(i) is not a "crime of violence" because it can be violated by acts of self-harm, and therefore does not categorically involve "the use, attempted use, or threatened use of physical force against the person *of another*." 18 U.S.C. § 924(c)(3)(A) (emphasis added). *See* ECF No. 180, at 9–18.

In *Juvenile B*, the Eighth Circuit held that aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a)(2), is not a "crime of violence" for purposes of 18 U.S.C. § 16(a)'s elements clause[1] because that offense can be committed by threatening harm to oneself. Section 2241(a)(2) punishes "[w]hoever ... knowingly causes another person to engage in a sexual act ...

---

[1] Section 16(a)'s elements clause "is in all relevant aspects identical to the § 924(c) elements clause." *United States v. Morris*, 61 F.4th 311, 320 (2d Cir. 2023).

by threatening or placing that other person in fear that *any person* will be subjected to death, serious bodily injury, or kidnaping." (emphasis added). The Eighth Circuit concluded that the italicized language ("any person") rendered § 2241(a)(2) overbroad by encompassing threatened self-harm:

> Juvenile B argues that § 2241(a)(2) punishes conduct that does not qualify as a crime of violence. He contends that, whereas § 16(a) "requires that the offense have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another,'" the language "any person" in § 2241(a)(2) means it "can be violated by the threatened use of physical force against the defendant's own person." We agree. In *United States v. Rojas*, we considered the difference between "other person" in § 2241(a)(1) and "any person" in § 2241(a)(2) and observed that the phrase "'[a]ny person' is not inherently exclusive of the offender." 520 F.3d 876, 882 (8th Cir. 2008). Therefore, because the phrase "any person" could include the defendant himself, the threat of suicide would satisfy § 2241(a)(2). Id. at 882–83. But such a threat would not qualify as a crime of violence under § 16(a).

*Juvenile B*, ___ F.4th at ___, 2025 WL 2301379, at *2 (citation omitted). Indeed, "the government [did] not contest that § 2241(a) punishes more conduct than § 16(a)." *Id.* at *2 n.4.

The Eighth Circuit's reasoning applies here. Section 249(a)(1)(B)(i) uses the same statutory phrase as § 2241(a)(2), punishing "[w]hoever ... willfully causes bodily injury to any person." As the defense has argued, and as the Eighth Circuit has held, the phrase "any person" "is not inherently exclusive of the offender" and "could include the defendant himself." Accordingly, § 249(a)(1)(B)(i) does not categorically involve using force against another person, as § 924(c)(3)(A)'s elements clause requires, and this Court should dismiss Counts 11–20.

Dated:   August 20, 2025
         Buffalo, New York

                              *s/Daniel Habib*
                              Daniel Habib
                              Attorney-in-Charge, Appeals Bureau
                              Federal Defenders of New York, Inc.

*s/Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender

*s/MaryBeth Covert*
MaryBeth Covert
Senior Litigator

*s/Julie Brain*
Julie Brain
Julie Brain, Attorney at Law

*s/Theresa M. Duncan*
Theresa M. Duncan
Law Office of Theresa M. Duncan