UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    22-CR-109 (LJV)

(Redacted Version of ECF No. 461)

PAYTON GENDRON,

Defendant.

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS

Payton Gendron, through undersigned counsel, files this Supplement to the Defendant's Motion to Suppress Statements to specify the statements sought to be suppressed based on the discovery provided by the government.

### I.    BACKGROUND

In his Motion to Suppress Statements (ECF No. 381, filed with redactions at ECF No. 394), the defense moved to suppress any statements that fell within four general time frames: 1) statements made to Buffalo Police Officers at the scene of his arrest and while being taken to and entering an interview room at Buffalo Police Headquarters; 2) statements made in response to questioning by Buffalo Police Det. Mark Costantino before he advised Payton Gendron of his Miranda rights; 3) statements made in response to questioning by Det. Costantino after he read the Miranda warnings and Payton Gendron asserted his right to remain silent and his right to counsel; and 4) any statements made thereafter, from the time Payton Gendron left the interview room, was transported to and processed at Buffalo Police Central Booking, was transported to and appeared for arraignment in Buffalo City Court, and was delivered to and processed at the Erie County Holding Center. *Id.* at 5.

The defense addressed each of these categories, citing the legal basis that supports suppression of any statements alleged to have been made during these time-periods. *Id*. at 8 – 13. In its Response, ECF No. 420, the government addressed only the statements made to responding Buffalo Police officers at the scene of Payton Gendron's arrest in the Tops parking lot on May 14, 2022, and statements he may have made in response to "routine booking questions" at the Erie County Holding Center, though none were identified. *Id*. at 56-62.

By e-mail dated September 12, 2025, the Court advised defense counsel to be prepared at the upcoming oral argument to articulate the specific questions and responses the defense is asking to be suppressed within each category. This Supplemental Memorandum is submitted in response to that direction. Because these statements fall under the current Protective Order Governing Discovery (ECF No. 27 at ¶10), and because the Court has not yet determined whether any of the statements will be admissible at trial, Payton Gendron respectfully requests that this Supplemental Memorandum be filed under seal until appropriate redactions can be proposed.

## II.    CUSTODIAL STATEMENTS ATTRIBUTED TO PAYTON GENDRON

In his Motion to Suppress Statements (ECF No. 381, filed with redactions at ECF No. 394), Payton Gendron detailed (and attached as exhibits) correspondence between the parties in which the government refused to specify which statements, among the multiple terabytes of discovery disclosed to the defense (encompassing audio and/or video material and tens of thousands of documents), it intended to offer as evidence at either phase of trial. *Id*. at 2-4, Exhibits A & B. As defense counsel noted at the time, this refusal undermined the explicit purpose of Fed. R. Crim. P. 12(b)(4)(A) & (B), i.e., to provide the defendant "an opportunity to object before trial" and "to move to suppress evidence under Rule 12(b)(3)(C)," and was insufficient as a matter of law. *Id*.

Nonetheless, the following information is based on defense counsel's review of the voluminous discovery in this case, without the benefit of the government identifying the particular statements it seeks to introduce as evidence at trial.

      a.   Statements Made to Buffalo Police Officers at the Scene of Payton Gendron's Arrest and While Being Escorted into an Interview Room at Buffalo Police Headquarters

As recorded by body worn camera, at approximately 2:36 p.m. on May 14, 2022, in the parking lot of Tops Market, the following exchange occurred between Buffalo Police Officers (PJM and DKD) and Payton Gendron (PG) while he was in their custody:

**PJM**: Is there anything in your pant legs?
**PG**: There's a multitool.
**PG**: You can just take it.
**PJM**: Huh?
**PG**: You can just take it.
**PJM**: Yeah, you got anything else on you?
[Crosstalk]
**PG**: I can't tell if I--
**DKD**: He's probably got shit hidden. Let's get everything. What's in your boots? Anything?
**DKD**: You alone?
**PG**: Yeah, I'm alone.


**DKD:** You got anything else hidden on you?
**PG**: I don't know what you're talking about.



b.  <u>Statements Made in Response to Questioning by Buffalo Police Det. Mark
    Costantino (MC) Before He Advised Payton Gendron of his Miranda Rights.</u>



c.  Statements Made in Response to Questioning by Det. Costantino After He
Read the Miranda Warnings and Payton Gendron Asserted his Right to
Remain Silent and his Right to Counsel







d. <u>Statements Made After Payton Gendron Was Removed from the Interview Room, was transported to and processed at Buffalo Police Central Booking, was transported to and appeared for arraignment in Buffalo City Court, and was delivered to and processed at the Erie County Holding Center.</u>



8



## III.    CONCLUSION

For the reasons set forth in his  Motion to Suppress Statements (ECF No. 381, 394),

counsel for Payton Gendron respectfully request that any statements alleged to have been made

by him to law enforcement at any point *after* he was taken into custody at or about 2:30 p.m. on

May 14, 2022, be suppressed or, in the alternative, that a hearing be held to determine the facts

herein.

Dated: September 15, 2025
       Buffalo, New York

                                          *s/Sonya A. Zoghlin*
                                          Sonya A. Zoghlin
                                          Assistant Federal Public Defender

                                          *s/MaryBeth Covert*
                                          MaryBeth Covert
                                          Senior Litigator

                                          *s/Julie Brain*
                                          Julie Brain
                                          Attorney at Law

                                          *s/Theresa Duncan*
                                          Theresa Duncan
                                          Attorney at Law