# FEDERAL PUBLIC DEFENDER'S OFFICE
## WESTERN DISTRICT OF NEW YORK

MARIANNE MARIANO
***FEDERAL PUBLIC DEFENDER***
marianne_mariano@fd.org

MARYBETH COVERT
***SENIOR LITIGATOR***
marybeth_covert@fd.org

300 PEARL STREET, SUITE 200
BUFFALO, NEW YORK 14202

716-551-3341
FAX: 716-551-3346

ROCHESTER OFFICE
28 EAST MAIN STREET
FIRST FEDERAL PLAZA, SUITE 400
ROCHESTER, NEW YORK 14614
585-263-6201
585-263-5871-FAX

*REPLY TO: **BUFFALO***

November 23, 2026

Hon. Lawrence J. Vilardo
United States District Judge
United States Courthouse
2 Niagara Square
Buffalo, NY 14202

Re: *United States v. Gendron*, 22-cr-109 (LJV)

Dear Judge Vilardo:

In light of the Court's denial of the defense motion for a reasonable amount of time for objections to the use of peremptory strikes that might arise under *Batson v. Kentucky*, 476 U.S. 79 (1986), *see* ECF No. 795, we respectfully make the following request.

As the Court well knows, any *Batson* inquiry initiated by a party would consist of three steps:

> (1) a prima facie showing by the party that a peremptory challenge has been exercised on the basis of race or gender;
> (2) submission of any race- or gender-neutral explanations for the strike by the party who exercised it; and
> (3) a determination by the trial court whether, all circumstances considered, the initiating party has demonstrated purposeful discrimination on the part of its opponent.

*Miller-El v. Cockrell*, 537 U.S. 322, 328–29 (2003). First, we request that the Court permit the parties to reserve any *Batson* challenges until after all strikes are made by both parties to the jury venire and the alternate pool.

Second, in light of the *Batson* steps, we request a modest amount of time, following the exercise of strikes, to prepare a prima facie showing that a peremptory challenge has been exercised on an improper basis.

Third, we also request as much additional time as possible following submission of a party's "neutral explanation" for the strike(s), to prepare an adequate comparative analysis of whether that party has engaged in purposeful discrimination in the exercise of their strikes.

Lastly, because the Court denied our request to delay step three of any *Batson* challenges until November 30, 2026, and ruled that all non-seated venire members will be discharged on Tuesday, November 24, 2026, we believe the seated jurors and alternate jurors should be sworn at the conclusion of the proceedings on that date. Our previous suggestion that the Court delay the swearing of the jury was for the purpose of allowing adequate time for the adjudication of *Batson* . In light of the Court's ruling that any *Batson* issues are to be fully adjudicated on Tuesday, there is no reason to delay swearing of the jury and we request that the Court swear the jurors immediately following excusal of the remaining venire. The trial jurors and alternates should know they are now seated as jurors on this case and expected to return to commence trial on December 7, 2026. Swearing the jurors in on Tuesday reinforces the solemnity of their obligations as jurors and their duty to follow the Court's instructions to avoid all discussions and media coverage of the case , especially as they spend time over the holiday weekend with family and friends. We have drafted proposed instructions for the Court to give to the trial and alternate jurors following the strike process; they are annexed hereto as Exhibit A.

On a separate matter, we request that the Court enter the list of the final pool expected to appear on Tuesday on the Court docket, under seal, prior to the commencement of the striking process.

Respectfully submitted,

*s/MaryBeth Covert*
*s/Sonya A. Zoghlin*
Assistant Federal Public Defenders
Federal Public Defender's Office
Western District of New York

*s/Julie Brain*
Attorney at Law

*s/Theresa M. Duncan*
Law Office of Theresa M. Duncan LLC